THE STATE *v.* KUNBERT.

The Court of Common Pleas has no authority to order a justice of the peace to grant an appeal from his judgment, after the expiration of the thirty days allowed by statute.

*Wednesday,*
*June 6.*

APPEAL from the *Ripley* Court of Common Pleas.

DAVISON, J.—*Kunbert* filed an affidavit, alleging that he had been tried before one *Jackson,* a justice of the peace, upon a charge of obstructing a public highway, and fined 10 dollars; that in the trial before the justice, he had an attorney in whom he had confidence, and on being adjudged guilty, he informed his attorney and the justice that he desired an appeal; that his attorney immediately prepared an appeal-bond, which he executed with a surety to the satisfaction of the justice; that neither the attorney nor the justice "intimated to him but .that the case was properly appealed," and believing that it was legally appealed, he appeared in said Court, at the next term after he supposed he had taken the appeal, and then, for the first time, discovered that his appeal was not well taken, because he had not entered into a recognizance; that the appeal was dismissed; and that then the time for taking an appeal—thirty days—had elapsed. It is further alleged that the affiant had a valid defense, &c., and his prayer is, that he may now have leave to file his recognizance before the justice, and take his appeal, &c.

Upon this affidavit, the Court made an order directing the justice to allow an appeal from his judgment in said cause, in case the defendant entered into recognizance, &c., which was done, &c.

The record shows that the cause, having been thus·appealed, stood continued, &c.; and that, at the term to which it was continued, the state moved to dismiss the appeal so, allowed by the Court; but the motion was overruled, and the state excepted.

The statute prescribing the powers, &c., of justices in state prosecutions, enacts that any prisoner against whom

any punishment is adjudged, may appeal to the Common Pleas, at any time within thirty days after trial, on entering into recognizance for his appearance at the next term of such Court, as in other cases, and such appeal shall stay proceedings. 2 R. S. p. 498, § 10. It may, however, be noted that the statute thus prescribing the powers of justices, &c., makes no provision for such appeal after the lapse of thirty days from the trial. Hence, the appellee, in this case, has based the affidavit before us upon § 68 of an act defining the jurisdiction of justices of the peace in civil cases. That section provides that appeals may be authorized by the Court of Common Pleas or Circuit Court, after the expiration of thirty days, when the party seeking the appeal has been prevented from taking the same by circumstances not under his control. *Id.*, p. 463. This section, it will at once be seen, relates exclusively to appeals in civil cases, and did not, therefore, authorize the appeal in question, unless directly or by implication, referred to and adopted by the statute prescribing the powers, &c., of justices in state prosecutions. Upon looking into that statute, it will be found that no such reference is made; and the result is, the Common Pleas had no authority to grant the appeal. Hence, it is unnecessary to inquire whether the affidavit was or was not sufficient. The motion to dismiss should have been sustained.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*G. Durbin*, for the state.