State, *ex rel.* Jacoby, *v.* Cressinger.

No. 10,573.

STATE, EX REL. JACOBY, *v.* CRESSINGER.

MANDATE.—*Appeal from Justice of the Peace.*—Where in apt time one takes the proper steps required by statute to appeal from the judgment of a justice of the peace against him in a criminal case, if the justice fail to send up to the appellate court the transcript, etc., until after the time limited, he may be compelled by mandate.

SAME.—The writ of mandate can not be granted by a judge in vacation.

JUSTICE OF THE PEACE.—*Appeal.*—The failure of a justice of the peace to perform his duty in sending up the transcript, etc., within the time fixed by statute, when an appeal is properly taken from his judgment, does not deprive the party of his appeal.

From the Huntington Circuit Court.

*B. F. Ibach* and *B. M. Cobb,* for appellant.

*C. W. Watkins,* for appellee.

ZOLLARS, J.—This is a proceeding by mandate to compel appellee, a justice of the peace, to make out a transcript of a criminal case, tried before him, and file the same, together with the recognizance and papers, in the office of the clerk of the Huntington Circuit Court.

The facts in the sworn petition, necessary to be considered in this opinion, are substantially as follows: On the 8th day of August, 1881, the relator was tried and convicted by appellee as a justice of the peace, on the charge of having permitted a minor to play pool in his billiard saloon, in violation of the act of March 8th, 1873, 2 R. S. 1876, p. 484.

On the 2d day of September, 1881, the relator filed with appellee, as such justice, a recognizance as required by law, signed by good and sufficient surety, which bond the justice filed and approved. Upon the filing of the bond the relator demanded of said justice an appeal, and that he make out a complete transcript of the proceedings in the cause, and file the same, together with the recognizance, and all papers, with the clerk of the Huntington Circuit Court, all of which appellee, up to and at the time of the institution of this pro-

ceeding, neglected and refused to do. No alternative writ was issued, but appellee appeared and demurred to the petition, on the ground that it does not state facts sufficient to constitute a cause of action. This demurrer the court sustained ; appellant excepted, prosecutes this appeal, and assigns the ruling for error.

The position of counsel for appellee is, and we infer that of the court below was, that because the justice failed to file the transcript in the clerk's office within thirty days next after the rendition of the judgment, the court has no power to direct it to be filed after that time, and the relator is deprived of his appeal.

This presents the main question for decision. The statute in force at the time provided as follows: "Any prisoner against whom any punishment is adjudged, may appeal to the court of common pleas * * at any time within thirty days next after the trial, on entering into a recognizance to appear at the next term of such court, as in other cases," etc. 2 R. S. 1876, p. 670, section 10. Section 12 of the same act is as follows: "Such recognizance, together with a transcript of the proceedings, and all papers in the case, shall be forthwith filed by the justice with the clerk of the circuit * court, who shall docket such cause for trial," etc.

Ordinarily, the party appealing, in order to perfect his appeal, must procure a transcript and file it, or cause it to be filed, in the appellate court within the proper time. All that seems to be required of a convicted party in a case like this is to ask an appeal and file a proper recognizance. When he has done this he has done all that the statute requires of him to entitle him to the benefit of an appeal. After this, it is made the absolute duty of the justice to make out the transcript and file it, together with the papers, in the office of the clerk. If, from neglect, ignorance or perverseness, he fail to do so, shall the appealing party be without remedy when he is chargeable with no wrong or laches? No claim is made in

this case that the justice did not have ample time in which to make out and file the transcript.

The fine and costs may not be the important thing to the party convicted. The opportunity to show his innocence of any infraction of the penal laws may be of very much more importance to him.

It has been held that mandamus will be granted where there is no other clear legal mode of securing the rights which the complainant seeks, or other adequate remedy. 4 Wait's Actions and Defenses, p. 360, *et seq.*

After a careful examination of the statute, we think that if, without fault or laches on the part of the appealing party, the justice fail to send up the transcript as required by law, he may be compelled by mandate to do so, even after the expiration of the thirty days; and that the party appealing will not lose his appeal by reason of such neglect. In the case of *Nave* v. *King*, 27 Ind. 356, this court, per Mr. Justice FRAZER, said: " In *The People* v. *Allen*, 6 Wend. 486, the court, as we think, correctly laid down the general rule to be, that where the statute specifies the time within which a public officer is to perform an official act regarding the rights and duties of others, it will be considered as directory, unless the nature of the act to be performed, or the language used by the Legislature, shows that the designation of time was intended as a limitation of the power of the officer."

Section 20 of the act in relation to contesting the election of county officers provides that appeals may be taken from the decision of the board of county commissioners, in such cases, as from other decisions, etc. 1 R. S. 1876, p. 451. Section 32 of the act in relation to the board of commissioners provides that appeals may be taken by the appellant filing a bond, to be approved by the auditor of the county, etc. Section 33 of the same act provides that the auditor shall, within twenty days after the filing of such appeal bond, make out a complete transcript of the proceedings, etc., and shall deliver

the same, and all the papers and documents filed in such proceedings, and the appeal bond, to the clerk of the court, etc.

It will be observed that the requirements on the part of the appealing party, and the duties of the auditor in making out and filing the transcript, are almost identical with the requirements and duties of the respective parties, under the statute governing this case.

If a failure of the justice to file the transcript within the thirty days should be held to deprive the party of the benefit of his appeal under this statute, there is no reason why a similar neglect of the auditor to file the transcript within the twenty days should not deprive the party of his appeal under the other. It has been held, however, by this court, approving the doctrine of the case in 6 Wend., *supra*, and disapproving earlier cases in this State, in relation to appeals from justices, that such neglect of the auditor does not deprive the appealing party of his appeal. *Day* v. *Herod,* 33 Ind. 197.

In 1843 there was a statute in force in Illinois similar to the one under consideration, except that the justice was required to file the papers in the office of the clerk of the circuit court within twenty days after the receipt and approval of the appeal bond. The Supreme Court of that State, in the case of *Little* v. *Smith,* 4 Scam. 400, held, as summed up in the syllabus, as follows: "The provisions" of the act "are only directory to the justice, prescribing a ministerial duty to be performed by him, within a limited time; the performance of which, if neglected, may be enforced by the circuit court. When the party appealing from the judgment of a justice of the peace has entered into the appeal bond, and the same is accepted and approved by the justice, the appeal is taken; and the neglect of the justice to return the papers to the office of the clerk, within the time limited by the statute, does not defeat the appeal. The justice is the officer of the law, and not the agent of the party."

In the case in hearing, the relator did all that the law required of him to perfect his appeal, and can not be held re-

State, *ex rel.* Jacoby, *v.* Cressinger.

:sponsible or made to suffer on account of the neglect or wrong of the justice. Counsel for appellee rely with much confidence upon the case of ·*State* v. *Kunbert,* 14 Ind. 374. That case is not at all like the one at bar, and, as we understand it, does not support the position of counsel. It appears that the appellee in that case had taken an appeal from the justice by filing an ordinary appeal bond, as in a civil case, and not a recognizance. For this reason the appeal was dismissed. In the correctness of the dismissal he acquiesced, and afterwards, and after the expiration of the thirty days fixed by the statute, he made application to the court to grant an appeal on account of his supposed error in not filing a recognizance in the former appeal. This was asked under section 68 of the statute in relation to granting appeals in certain cases in civil actions. 2 R. S. 1876, p. 626. The application was refused, upon the ground that the section of the statute relied upon had reference to civil, and not to criminal cases, and that, in criminal cases, the court has no authority to grant an appeal after thirty days. In the case at bar the relator is not asking for an appeal. He has already taken his appeal in proper time, by complying with the requirements of the statute. He is asking that the justice be compelled to perform his duty in filing the transcript and papers, so that he may have the benefit of that appeal.

It is said by counsel for appellee that the relator should have made his application at an earlier date, in the vacation of the court. It was made at the first term of the court following the neglect of the justice. This was clearly sufficient. The statute requires that the application shall be made to the court. The judge in vacation has no power to grant the writ. 2 R. S. 1876, p. 295.

For the error of the court below in sustaining the demurrer, the judgment is reversed, at the costs of appellee.