No. 14,249.

## HOLSCLAW v. THE STATE.

CRIMINAL LAW.—*Justice of Peace.*—*Appeal from Judgment Entered Upon Plea of Guilty.*—Neither section 1643, R. S. 1881, nor any other law of this State, authorizes an appeal by the defendant from a judgment rendered by a justice of the peace upon a plea of guilty, and for the payment of which the defendant has procured replevin bail.

From the Greene Circuit Court.

*W. W. Moffett* and *C. E. Davis*, for appellant.

*L. T. Michener*, Attorney General, *W. C. Hultz*, Prosecuting Attorney, and *W. L. Slinkard*, for the State.

HOWK, J.—On the 16th day of October, 1886, this prosecution was commenced before a justice of the peace of Greene county, against the appellant, upon an affidavit, wherein it was charged that, on or about the 15th day of October, 1886, at said county, said appellant "did then and there unlawfully sell to Jacob R. Blaker and Thomas Terrell, each of whom was then and there a person under the age of twenty-one years, one-half pint of whiskey at and for the price of twenty-five cents, contrary to the form of the statute," etc. Afterwards, on the same day, appellant appeared in person and by counsel before such justice of the peace, and, having been arraigned on said affidavit, for plea thereto said that he was guilty as charged therein; and thereupon it was adjudged by such justice that appellant make his fine to the State in the sum of twenty dollars and pay the costs of prosecution taxed, etc., and that he stand committed, etc. And afterwards, on the same day, he procured replevin bail for the payment of such fine and costs. On the 23d day of October, 1886, appellant prayed an appeal from the justice's judgment to the court below, which was granted. In that court, at its November term, 1887, the motion of the State, by its prosecuting attorney, to dismiss the appeal herein was sus-

tained by the court, and such appeal was accordingly dismissed. From such dismissal of his appeal from the justice by the court, this appeal is now here prosecuted by defendant below, and the only error whereof he complains is the sustaining the motion of the State to dismiss his appeal from the judgment of the justice to the court below.

It is manifest that the question for our decision, presented by this appeal, may be thus stated : Is there any law of this State which authorized his attempted appeal from the judgment of the justice, entered upon his plea that he was guilty of the offence charged, and after he had procured replevin bail for the payment of such judgment? We are of opinion that this question must be answered in the negative. It is certain that defendant had no right of appeal from such judgment of the justice to the circuit court of the county, unless such right of appeal was expressly given by some statutory provision. The only statute of this State providing for an appeal from the judgment of a justice in criminal cases is section 1643, R. S. 1881, in force since September 19th, 1881, which reads as follows :

"Any prisoner against whom any punishment is adjudged may appeal to the criminal court, and, if there be none, then to the circuit court of the county, within ten days after trial, on entering into recognizance for his appearance at the next term of such court, as in other cases ; and such appeal shall stay all proceedings."

Did this section of the statute authorize defendant's appeal from the justice's judgment against him to the circuit court of the county? The statute does not in terms provide for an appeal from the judgment of a justice entered, without trial, upon the defendant's plea of guilty. If it had been the legislative will and intent to provide that appeals would lie from all justices' judgments, in criminal cases, to the proper criminal or circuit courts, we may well suppose that the statute would have provided that such appeals might be taken within ten days after judgment, instead of "after trial," as the statute

reads. The statute does not contemplate, and makes no provision for, an appeal by the defendant from a judgment, entered upon his plea of guilty, without trial, by a justice of the peace in a criminal cause. There is nothing in the record of this cause to indicate that defendant's plea of guilty before the justice was procured by fraud, imposition or evil practice; on the contrary, it may reasonably be presumed from the record that his plea of guilty was entered advisedly by defendant, as it is shown that he was accompanied by his attorney when he was arraigned before the justice and entered his plea of guilty.

Our conclusion is, that there is no law of this State which authorized the defendant's attempted appeal from the justice's judgment, entered upon defendant's plea that he was guilty of the offence charged herein, after he had procured replevin bail for the payment of such judgment. The court below did not err, therefore, in sustaining the State's motion to dismiss such attempted appeal.

The judgment is affirmed, with costs.

Filed May 11, 1888.