Filed Dec. 20, 1893.

---

No. 1,126.

THE STATE *v.* GARDNER.

APPEAL.—*Trial, What Amounts to.—Mayor.—Misdemeanor.— Plea of not Guilty.—Finding of Guilty by Agreement.*—Where a person was arrested upon an affidavit filed before a mayor, and, upon arraignment, pleaded not guilty, but consented, by his attorney, that the court, without the hearing of testimony, might find the defendant guilty as charged, and the court, in accordance with the agreement, found the defendant guilty, the defendant is entitled to an appeal, there having been a trial in legal contemplation, whether the court actually heard any evidence or not.

From the Putnam Circuit Court.

*A. G. Smith*, Attorney-General, *F. A. Horner*, Prosecuting Attorney, and *J. H. James*, for State.

GAVIN, J.—Appellee was arrested upon an affidavit filed before the mayor of Greencastle, charging him with a misdemeanor.

The transcript of the proceedings before the mayor shows the filing of the affidavit, and the arrest, and "the defendant being arraigned for plea says that he is not guilty as charged, but the defendant, by his counsel, James J. Smiley, consents and agrees that the court, without the introduction of any evidence or hearing of any testimony, shall find the defendant guilty as charged, and the court, as per said agreement, finds the defendant guilty as charged and assesses a fine against him in the sum of one dollar." An ordinary judgment then follows.

The appellee appealed to the circuit court, where he was tried and acquitted.

In the circuit court the appellant moved to dismiss the appeal upon the ground that the transcript showed the appellee had entered a plea of guilty before the mayor and because he was adjudged guilty without trial, by agreement.

This motion was overruled with an exception, and this is assigned for error.

Section 3062, R. S. 1881, gives to the mayor of a city the same power over cases of this character as is possessed by a justice of the peace. By this statute the right of appeal is given in cases tried by the mayor, "under the same restrictions and in the same manner as in a justice's court."

Section 1643, R. S. 1881, gives to any prisoner, against whom any punishment is adjudged in a justice's court, a right of appeal "within ten days after the trial."

Counsel for appellant argue, with great ingenuity, that the record shows a plea of guilty and a judgment without trial, by agreement. Since there was no trial, he argues, there is no right of appeal, because an appeal can be taken only within ten days after the trial.

We are unable to conclude that this record shows a plea of guilty. It shows an arraignment and a clear plea of not guilty. This plea can not reasonably be deemed withdrawn by the agreement that the court should find him guilty without evidence. Had it been intended to withdraw the plea of not guilty, it would have been easy to say so.

Such a statement would have been the simplest and most natural expression to accomplish such a result. Neither do we think the agreement is to be interpreted as anything more than a dispensing with proof before the mayor.

It is not an agreement for a judgment, but an agreement for a finding. The judgment then follows the finding.

It is true that in *Holsclaw* v. *State*, 114 Ind. 506, it is held that where there has been a plea of guilty and the judgment rendered thereon has been stayed by replevin bail no appeal lies, and this holding is based upon the argument that where there is a plea of guilty there is no trial. Here, however, was an unequivocal plea of not guilty.

The word trial, in its general sense, means the investigation and decision of a matter in issue between parties, before a competent tribunal. *Jenks* v. *State*, 39 Ind. 1.

Where issue has been joined by the parties and the cause submitted to and determined by the court, there has been a trial in legal contemplation, whether the court actually hears any evidence or not.

There was no error in the action of the trial court.

Judgment affirmed.

Filed Dec. 21, 1893.