Orear *v.* State.

---

## OREAR *v.* THE STATE.

[No. 2,961. Filed March 14, 1899. Rehearing denied June 27, 1899.]

CRIMINAL LAW.—*Justices of the Peace.—Appeal.—Plea of Guilty —* Section 1712 Burns 1894, providing that "Any prisoner against whom any punishment is adjudged may appeal to the criminal court, and, if there is none, then to the circuit court of the county, within ten days after trial," etc., does not authorize an appeal from a judgment upon a plea of guilty.

From the Boone Circuit Court. *Affirmed.*

*Ira M. Sharp*, for appellant.

*W. L. Taylor*, Attorney-General, *Merrill Moores* and *Rowland Evans*, for State.

BLACK, C. J.—The appellant was prosecuted for the offense known as criminal provocation, the prosecution being commenced before a justice of the peace of Sugar Creek township, Boone county. Upon the application of the appellant, the venue was changed to a justice of the peace of Jefferson township in that county. Before the latter justice the appellant moved to quash the affidavit, on the ground, as stated in the transcript of the justice, that it did not state the township in which the crime was committed. This motion being overruled, the appellant pleaded guilty, whereupon the justice adjudged that he be fined in the sum of $1, etc. The appellant appealed to the court below, where the prosecuting attorney moved to dismiss the appeal, for the reason that the appellant entered a plea of guilty before said justice of the peace of Jefferson township from whom the appeal was taken. This motion was sustained, and, thereupon, the appeal was dismissed.

The appellant has assigned as errors the insufficiency of the affidavit, the sustaining the motion to dismiss the appeal, and the dismissal of the appeal. It is provided by a statute of 1897 (Acts 1897 p. 143, section 1983a Horner 1897, section 1837a Burns Supp.) that prosecutions for criminal provocation, when brought before a justice of the peace, mayor of a city, or city judge, shall be tried in the township where the offender resides, or where the offense was committed, with a proviso that the defendant shall have the right to a change of venue as provided by law in other cases.

It is proper to inquire, first, whether or not an appeal lies from a justice of the peace to the circuit court in a criminal cause wherein there has been a plea of guilty, and judgment has been rendered thereon. It has been held in a number of cases that in a criminal cause the defendant against whom judgment has been rendered upon his plea of guilty, entered

in the circuit court, may appeal to the Supreme Court. *Henderson* v. *State*, 60 Ind. 296; *Arbintrode* v. *State*, 67 Ind. 267, 33 Am. Rep. 86; *Burroughs* v. *State*, 72 Ind. 334; *Hays* v. *State*, 77 Ind. 450. The statute relating to appeals to the Supreme Court in criminal cases provides that an appeal to the Supreme Court may be taken by the defendant as a matter of right from any judgment in a criminal action against him, and that all appeals must be taken "within one year after the judgment is rendered." Sections 1954, 1958, Burns 1894, sections 1881, 1885 Horner 1897. The statute relating to appeals from justices of the peace in criminal cases provides: "Any prisoner against whom any punishment is adjudged may appeal to the criminal court, and, if there is none, then to the circuit court of the county, within ten days after trial," etc. If the appeal was not authorized by the statute there was no error in dismissing it. *State* v. *Kunbert*, 14 Ind. 374. The right of appeal is dependent upon the statute, and the question whether or not the appellant, having pleaded guilty, could appeal to the court below from the judgment of the justice of the peace rendered upon that plea, depends upon the meaning to be ascribed to the word "trial" in the statute last above mentioned. As the appeal can be taken only within a specified period after trial, he could not appeal if there was no trial within the meaning of the statute. In *Ledgerwood* v. *State*, 134 Ind. 81, 91, where there was a plea of guilty, it was said that a motion for a new trial was properly overruled because there had been no trial. In *Griffith* v. *State*, 36 Ind. 406, it was said that upon a plea of guilty, a finding is not necessary; that there is nothing for the court to find, and that the court has nothing to do but to fix the amount of punishment and to render judgment or sentence accordingly. "By pleading guilty, the necessity for a trial may be wholly avoided, there being in that case no issue to try." *Boswell* v. *State*, 111 Ind. 47, 49.

Unless it can be said that the hearing and decision upon

the motion to quash the affidavit constituted, as suggested by the appellant's counsel, a trial, as meant by the statute, it seems plain that there was no trial before the justice of the peace. A comparison of the provision under consideration with other portions of the same statute, in which the word trial occurs (too numerous to be recited here) lends no aid, we think, to this suggestion of counsel, but supports the contrary view. In *Jenks* v. *State*, 39 Ind. 1, the court, having under consideration the meaning of the word "trial" in the provision of the statute requiring that bills of exceptions in criminal prosecutions be made out and presented at the time of the trial, etc., held that the word was used in a general sense, including all the steps taken in the cause from the submission of the cause to the jury to the rendition of judgment. See *Bruce* v. *State*, 87 Ind. 450, 453. In *Epps* v. *State*, 102 Ind. 539, speaking of the statutory provision that no person prosecuted for an offense punishable by death or by confinement in the state prison or county jail shall be tried unless personally present during the trial, it was said that this statute does not have any relation to motions in a cause not connected with the trial, and that it did not require the presence of the defendant during an argument of the motion to quash the indictment.

In *Hunnel* v. *State*, 86 Ind. 431, in considering the question as to the time for filing a motion for a change of venue, it was said: "In its general sense the term 'trial' means the 'investigation of a matter in issue between opposing parties before a tribunal competent to decide upon it,' and, in a criminal cause, the term does not include the arraignment, or any other merely preparatory proceeding which may be taken prior to the time of administering the requisite oath to the jury. *United States* v. *Curtis*, 4 Mason, 232, 237." In *State* v. *Gardner*, 8 Ind. App. 440, where the record of a prosecution for a misdemeanor before a mayor showed an arraignment and a plea of not guilty, and an agreement that the court should find the defendant guilty without evidence,

and a finding of guilty, and a judgment following the finding, it was held that the plea of not guilty was not withdrawn. In that case the agreement of the parties was treated as a substitute for evidence produced in the usual manner, and this court rejected the theory, proposed on behalf of the State, that there had been no trial before the mayor, and therefore held that there was no error in the action of the circuit court in overruling a motion to dismiss the appeal. In *Holsclaw* v. *State*, 114 Ind. 506, the statute relating to appeals from justices of the peace in criminal cases, here under consideration, was discussed, and it was said: "The statute does not contemplate, and makes no provision for, an appeal by the defendant from a judgment entered upon his plea of guilty, without trial, by a justice of the peace in a criminal cause." In *State* v. *Gardner*, *supra*, it was correctly said that the decision in *Holsclaw* v. *State*, *supra*, was based upon the argument that where there is a plea of guilty there is no trial.

Having reached the conclusion that the court below did not err in dismissing the appeal, because the judgment of the justice of the peace was rendered upon the appellant's plea of guilty, and therefore without trial, we need not consider the other questions suggested in the assignment of errors; for if the judgment of the justice be erroneous, or even absolutely void, the appellant cannot be relieved from it by appeal, such method of relief not being provided by statute.

Judgment affirmed.