YAGER, MAYOR *v.* STATE OF INDIANA, EX REL. ROBINSON.

[No. 23,586. Filed May 17, 1921.]

1. CRIMINAL LAW.—*Judge of City Court.*—*Jurisdiction.*—*Statutes.*—Under §8842 Burns 1914, Acts 1905 p. 219, §216, the judge of a city court, and the mayor when he presides as city judge, has the powers and jurisdiction of a justice of the peace, except that he has exclusive jursidiction of all violations of city ordinances, and that his jurisdiction in criminal cases extends to petit larceny and all misdemeanors where the penalty cannot exceed a fine of $500 and imprisonment in the jail or workhouse for six months. p. 552.

2. MANDAMUS.—*Refusal of Justice of the Peace to Grant Appeal.*—*Right to Writ.*—Mandamus will lie to compel a justice of the

peace to grant an appeal and certify the transcript to the circuit court in event he refuses to do so on demand of a party entitled to have it done.  p. 553.

3.  MANDAMUS.—*Refusal of Judge of City Court to Grant Appeal. —Right to Writ.*—Where the mayor or judge of a city court wrongfully refuses to grant an appeal to the circuit court, mandamus will lie to compel him to do so and to certify the transcript.  p. 553.

4.  CRIMINAL LAW.—*Plea of Guilty in City Court.—Right of Appeal to Circuit Court.—Statutes.*—Section 1949 Burns 1914, Acts 1905 p. 584, §81, providing that any prisoner against whom punishment is adjudged by a justice of the peace may appeal to the circuit court within ten days after judgment, does not forbid an appeal by a defendant who has pleaded guilty, and defendant, who pleaded guilty in a city court presided over by the mayor to a charge of unlawfully giving away liquors to a named person, can so appeal.  p. 553.

From Adams Circuit Court; *David E. Smith,* Judge.

Action by the State of Indiana, on the relation of Darius Robinson, against Charles W. Yager, mayor of the city of Decatur.  From a judgment for relator, the defendant appeals.  *Affirmed.*

*L. C. DeVoss, E. Burt Lenhart* and *Henry B. Heller,* for appellant.

*R. C. Parrish,* for appellee.

EWBANK, J.—This was an action of mandamus to compel the appellant, as mayor of the city of Decatur, Indiana, to grant an appeal to the circuit court of Adams county from a judgment of his court convicting appellant's relator of a misdemeanor on his plea of guilty, and to certify a proper transcript of the proceedings to the circuit court.

The complaint alleged that the relator pleaded guilty in the court of the defendant mayor to a charge of unlawfully giving intoxicating liquor to a person named, and was sentenced to pay a fine of $100 and to be imprisoned in the county jail for thirty days; that appellant was the duly elected, qualified and acting mayor

of said city, and had jurisdiction of the cause of action and of the parties; that on the fourth day after the judgment was rendered the relator filed with the appellant, as mayor, a good, sufficient and solvent appeal bond, and prayed an appeal to the circuit court of said county, but that appellant refuses to grant the appeal, or to make out or certify a transcript of the proceedings in said matter before him, and denies that the relator has any right to appeal. This complaint was filed on the day of the alleged refusal to grant an appeal, being the fourth day after the judgment of conviction was rendered. A demurrer on the alleged ground that the complaint does not state facts sufficient to constitute a cause of action was filed by the appellant, but was overruled, and upon appellant's failure to plead further the court rendered final judgment against him, commanding him to file the transcript for an appeal. From this judgment he duly perfected a term appeal to the Supreme Court. The only error properly assigned is overruling the demurrer to the complaint.

Aside from some objections to the complaint that are without merit and do not require comment, the memorandum filed with the demurrer and the brief of appellant present for decision only the questions (1) whether a defendant who has pleaded guilty in a city court to a charge of having committed a public offense can appeal from the judgment of that court entered upon such plea, and (2) whether mandamus will lie to compel the mayor to grant such appeal and to certify a proper transcript, in case he refuses to do so.

The judge of a city court, and the mayor when he presides as city judge, has the powers and jurisdiction of a justice of the peace, except that he has ex-

1. clusive jurisdiction of all violations of city ordinances, and that his jurisdiction in criminal cases extends to petit larceny and all misdemeanors where

the penalty cannot exceed a fine of $500 and imprisonment in the jail or workhouse for six months. §8842 Burns 1914, Acts 1905 p. 219, §216.

That mandamus will lie to compel a justice of the peace to grant an appeal and certify the transcript to the circuit court in case he refuses to do so on demand of a party entitled to have it done, is not open to doubt. *State, ex rel.,* v. *Cressinger* (1883), 88 Ind. 499; *Coats* v. *State, ex rel.* (1892), 133 Ind. 36, 32 N. E. 737. And the same rule applies where the mayor or judge of a city court wrongfully refuses to grant an appeal. The complaint was not subject to the objection that the relator had sought the wrong remedy.

The Criminal Code, as revised in 1905, provides that: "Any prisoner against whom any punishment is adjudged by a justice of the peace may appeal * * * to the circuit court of the county, within ten days after such judgment." §1949 Burns 1914, Acts 1905 p. 584, §81. The Code of 1881 provided for an appeal "within ten days after trial," and the courts had held that where the defendant pleaded guilty, so that there was no "trial," an appeal could not be taken. *Holsclaw* v. *State* (1888), 114 Ind. 506, 508, 17 N. E. 112; *Orear* v. *State* (1899), 22 Ind. App. 553, 557, 53 N. E. 249.

The legislature having revised the statute, as thus construed by the courts, so as to make it provide for an appeal within ten days "after judgment," instead of "after trial," it is a fair inference that the purpose was to avoid the construction which had been put upon the statute as it read before. And the provision that "any prisoner against whom any punishment is adjudged * * * may appeal * * * within ten days after such judgment" does not carry an implication of forbidding an appeal where the defendant pleaded guilty.

Watson, McDonald's Treatise 1011, 1012; Ewbank, Criminal Law §135.

A defendant in a criminal case might freely admit that he did the acts charged, but insist that they did not constitute a public offense, or that they did not constitute the particular public offense subjecting him to the penalty imposed by the justice of the peace or city judge or mayor before whom he was tried. Or he might admit that he committed the offense of which he was adjudged guilty, but insist that under the particular circumstances he merited only the minimum penalty for that offense, where the court imposed a higher penalty, or that he was entitled to suspension of the sentence imposed. And in either case, or for some other reason, he might desire to present his cause to another court by an appeal.

The fact that the appellee pleaded guilty in the city court did not bar his right to appeal to the circuit court, and no error was committed in overruling appellant's demurrer to the complaint.

The judgment is affirmed.