## WEAVER et al. v. KIMBALL, Judge.

No. 3719. Decided November 10, 1921. (202 Pac. 9.)

CRIMINAL LAW—ACCUSED MAY APPEAL TO DISTRICT COURT AFTER PLEADING GUILTY IN CITY COURT. Under Const. art. 1, § 12, providing that the accused in a criminal prosecution shall have the right to appeal in all cases, and article 8, § 9, providing for appeals from the final judgment of justices of the peace in criminal cases to the district courts on both questions of law and fact, in view of article 1, § 26, declaring constitutional provisions to be mandatory and prohibitory unless by express words they are declared otherwise, defendants in a prosecution for battery had right to appeal to a district court after entering a plea of guilty in a city court, regardless of whether he had been tried within the meaning of Comp. Laws 1917, § 9455, providing for an appeal by a defendant in a criminal case tried before a justice of the peace.

Petition for mandamus by E. G. Weaver and Reed Dumley against *Hon. James N. Kimball*, Judge of the District Court of Weber County.

Petitioners pleaded guilty to a charge of battery in the city court of Ogden and appealed to the district court of Weber county, where their appeal was dismissed. Petitioners applied for and were granted an alternative writ of mandate and ask a peremptory writ requiring the district court to reinstate the case.

PEREMPTORY WRIT GRANTED.

*Chez & Douglas,* of Ogden, for petitioners.

*Wade M. Johnson,* and *L. R. Powell,* both of Ogden, for respondent.

CORFMAN, C. J.

In this case complaint was made against the petitioners

in the city court of Ogden, Utah, charging them with battery. On August 1, 1921, they appeared in person in said city court, were arraigned, and entered a plea of "guilty" to said charge.   Thereupon the said city court entered judgment against the petitioners and ordered that they be committed to the city jail for a period of 180 days.   Within the time allowed by law, petitioners took an appeal to the district court of Weber county, where they, after being arraigned, entered a plea of "not guilty."

Thereafter said cases were consolidated and set for trial on September 24, 1921, and on said day, after the case had been called and was being tried in said court before a jury, the prosecuting attorney moved for and was granted a dismissal of said appeal for want of jurisdiction, upon the ground that petitioners had theretofore entered a plea of "guilty" upon which a judgment had been entered against them in the city court.

Petitioners excepted to the ruling of the district court dismissing their appeal and applied for and were granted by this court an alternative writ of mandate.   They now ask us to issue a peremptory writ requiring said district court to reinstate said case and proceed with the trial and determination thereof de novo.

Respondent has appeared and filed a general demurrer to the petition, thus raising the one question whether or not in a criminal case an appeal may be lawfully taken from a city court to a district court after the accused has entered a plea of guilty to the charge of having committed a misdemeanor and the city court has entered judgment thereon.

It is conceded that in matters of appeal city courts are governed and controlled by the same laws that are applicable to justice of the peace courts.

Section 12, art. 1, of our state Constitution, provides:

"In criminal prosecutions the accused shall have the right * * * to appeal in all cases."

Section 9, art. 8, provides:

"Appeals shall * * * lie from the final judgment of justices of the peace in * * * criminal cases to the district courts on both

questions of law and fact, with such limitations and restrictions as shall be provided by law."

The provisions of our Constitution are, by section 26, art. 1, declared to be "mandatory and prohibitory, unless by express words they are declared to be otherwise."

It is contended by counsel on behalf of respondent that our statutes with respect to criminal procedure have, within their meaning, so limited and restricted the right of appeal as to preclude an appeal from a judgment entered in the justice court upon a plea of guilty in a criminal action. Numerous sections of our criminal statutes with respect to procedure are pointed out and relied upon by counsel, more especially section 9455, Comp. Laws Utah 1917, which reads:

"Any defendant in a criminal action tried before a justice of the peace may appeal from the final judgment therein to the district court of the county where the court of such justice is held, at any time within thirty days from the time of the rendition of the judgment."

They insist that the word to be construed in the above-quoted section is the word "tried"; that upon entering a plea of guilty the case is not "tried" within the meaning of the statute, and therefore, by necessary implication, the statute excludes the right of appeal in such cases. As an aid to the interpretation of the foregoing, as well as other sections of our criminal procedure pointed out in respondent's brief, we are cited to the following cases in other jurisdictions: *Holsclaw* v. *State*, 114 Ind. 506, 17 N. E. 112; *Commonwealth* v. *Soderquest*, 183 Mass. 199, 66 N. E. 801; *State* v. *Gardner*, 8 Ind. App. 440, 35 N. E. 915; *Brown* v. *Superior Court of San Benito Co.*, 72 Cal. 14, 13 Pac. 70; *Stokes* v. *State*, 122 Ark. 56, 182 S. W. 521; *Philpot* v. *State*, 65 N. H. 250, 20 Atl. 955; *Redman* v. *State*, 8 Ala. App. 408, 62 South. 992; *City of Edina* v. *Beck*, 47 Mo. App. 234.

In the cases cited by counsel it is to be observed that statutory provisions alone were discussed and passed upon. In the case at bar the petitioners rely mainly on the controlling provisions of our state Constitution governing the right of appeal. We are of the opinion that the provisions of our state Constitution, above quoted, gave the petitioners here an

unqualified right of appeal regardless of the plea entered in the city court. The Constitution makes no reservation, but in plain and express terms says that the accused has the right of appeal in all cases. No exception is made. Of course, the appeal must be taken within such limitations and restrictions as to time and orderly procedure as the Legislature may prescribe, but, nevertheless, the constitutional right of appeal exists in all cases. In this case every statutory limitation as to time and requirement of procedure was met by the petitioners. That is admitted. Moreover, without pausing to point out and discuss the various statutory rules of criminal procedure prescribed for cases of appeal from the justice court to the district court, it must suffice to say that they are, when properly construed, in complete harmony with the constitutional provisions invoked by the petitioners in the present case.

It is therefore ordered that a peremptory writ of mandate be issued out of this court in this case directing and commanding the district court for Weber county to vacate and set aside its order dismissing the petitioners' appeal from the city court of Ogden, here complained of, and that said district court reinstate said appeal and proceed therewith in manner and form as by statute provided. Neither party to recover costs.

WEBER, GIDEON, THURMAN, and FRICK, JJ., concur.