HAROLD L. BENSON, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.
62 N. W. 2d 522

Filed February 12, 1954. No. 33508.

*Dryden, Jensen & Dier,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Richard H. Williams,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

On April 6, 1953, a complaint in the name of the State of Nebraska was filed in the justice of the peace court of John C. Mitchell, a justice of the peace in Buffalo County, Nebraska, charging that Harold L. Benson operated a motor vehicle on the public highways of the State of Nebraska, (1) while under the influence of intoxicating liquor, (2) in such a manner as to indicate a willful disregard for the safety of persons and property, and (3) at a rate of speed in excess of 50 miles an hour between sunset and sunrise.

Benson was arraigned and he pleaded not guilty to the first charge and guilty as to the other two. The first charge was dismissed. On the second he was fined $100 and sentenced to a term of 30 days in jail in addition to which his operator's license was suspended for 1 year from the date of release from jail. On the third charge

he was fined $50. The costs were also taxed to him.

On April 9, 1953, Benson made a motion for leave to withdraw his plea of guilty and for a trial on the charges made against him. The motion was on the same day overruled. Also on the same day notice of appeal was given and a cash appeal bond was given in the justice court in the amount of $300.

The record does not clearly disclose whether the intention was to appeal from the conviction and sentence imposed or the refusal to allow him .to withdraw his plea of guilty, or both, but the parties have in their presentation treated it as an intention to appeal from both. We will regard it in the same manner.

The justice of the peace prepared a transcript of the proceedings and delivered it to the clerk of the district court on April 11, 1953.

The county attorney filed a motion to quash' the appeal on the following grounds:

1. That an appeal is not available since Benson pleaded guilty to the charges of which he was convicted.

2. That the justice of the peace did not within 10 days forthwith make a return of the proceedings and failed to certify the complaint and warrant together with the recognizance taken.

3. That no recognizance was filed within 10 days conditioned on the appearance of Benson.

4. That no recognizance was executed or acknowledged in the presence of the justice of the peace conditioned for appearance of Benson in the district court.

The motion was sustained and the appeal quashed. Thereafter a motion for new trial was filed which was overruled. Benson has brought the order quashing the appeal and the order overruling the motion for new trial to this court for review by petition in error. He contends that the appeal was erroneously quashed.

Hereinafter for convenience Benson will be referred to as defendant and the State of Nebraska as the State.

The first question which will be considered is that of

whether or not a plea of guilty in a justice of the peace court and a sentence on the plea is a bar to an appeal to the district court.

The general rule with regard ·to this subject is stated as follows in 22 C.· J. S., Criminal Law, § 390, p. 573: "Whether an appeal will lie from a judgment of conviction in a justice's court, where accused pleads guilty, depends upon the wording of the particular statute. Under the statutes in some jurisdictions a plea of guilty will not preclude an appeal, while in others it will preclude an appeal, * * *." See, also, Wright v. City of Bessemer, 209 Ala. 374, 96 So. 316; Burris v. Davis, 46 Ariz. 127, 46 P. 2d 1084; State ex rel. Baggs v. Frederick, 124 Fla. 290, 168 So. 252; State v. Dawn, 41 Idaho 199, 239 P. 279; Yager v. State, 190 Ind. 550, 131 N. E. 42; Thomas v. Montcalm Circuit Judge, 228 Mich. 44, 199 N. W. 610; State v. Funderburk, 130 S. C. 352, 126 S. E. 140; Weaver v. Kimball, 59 Utah 72, 202 P. 9; Dickerson v. Commonwealth, 162 Va. 787, 173 S. E. 543.

The statute which the defendant contends gives him the right of appeal is section 29-611, R. R. S. 1943, in pertinent part as follows: "The defendant shall have the right of appeal from any judgment of a magistrate, including justices of the peace, municipal judges and county judges, imposing fine or imprisonment, or both, * * * ."

It will be observed that there are no exceptions to the right declared by the statute. The State does not contend that there are any exceptions in the statute. It does contend substantially that this court in Kissinger v. State, 147 Neb. 983, 25 N. W. 2d 829, has effectually declared that there may be no appeal to the district court from a conviction based on a plea of guilty.

The case does not so hold. No appeal was taken or attempted in that case. Review was sought, it is true, but it was by petition in error under section 29-617, R. R. S. 1943. The substance of the holding was that where there had been a conviction based on a plea of guilty the

factual question of guilt or innocence could not be inquired into in an error proceeding in the district court.

We think the clear and unambiguous statement of section 29-611, R. R. S. 1943, should be accepted and that it should be said that a conviction based on a plea of guilty before a justice of the peace is no bar to an appeal from the conviction.

The second ground of the motion to quash is in part contradicted by the record on which it is based. A transcript was made, certified, and duly returned to the district court within 5 days instead of 10. It contained the complaint and the proceedings had. It did not contain a warrant but the reason for the absence of a warrant is reasonably inferable from the transcript of the proceedings. It is reasonably inferable that the defendant was arrested without a warrant and brought before the justice of the peace.

It is true that in the literal sense the transcript did not contain a return and certification of a recognizance. The question then is presented as to whether or not under the facts and the law a recognizance in the literal sense was a requisite of a valid appeal. A determination of this question is determinative of the questions presented by the third and fourth points of the motion to quash.

Section 29-611, R. R. S. 1943, contains the following: "* * * No appeal shall be granted or proceedings stayed unless the appellant, together with his surety or sureties, shall, within ten days after the rendition of such judgment, appear before such magistrate, and then and there enter into a written recognizance to the people of the State of Nebraska in a sum not less than one hundred dollars, with surety or sureties to be fixed and approved by the magistrate before whom such proceedings were had, conditioned for his appearance forthwith and without further notice, at the district court of such county, * * *; Provided, that the party appealing may in lieu of such undertaking deposit with the clerk of such court

a cash bond in a sum to be fixed by the magistrate but not less than one hundred dollars; and such cash bond shall be accepted in the cause, upon the same conditions and with like effect as undertakings hereinbefore set out, * * * ."

The defendant deposited a cash bond in the amount of $300 which was accepted by the justice of the peace and duly reported and certified to the district court.

The State urges that this was not compliance with the requirements of the statute in the case of the giving of cash bond instead of a written recognizance. Particularly, as we interpret it, the basis of the contention is that in addition to making the deposit the defendant was required to enter formally into an undertaking that he would appear forthwith and without further notice at the district court for the county.

The statute does not so state. The statute, fairly interpreted, requires the magistrate to accept the cash bond and attaches to the acceptance without any other formal requirement an obligation on the defendant to appear in the district court.

The second, third, and fourth points of the motion to quash are without merit.

The statute granted the defendant the right of appeal if he perfected his appeal within 10 days. He did so in manner and form required by statute. It follows therefore that no grounds existed for quashing the appeal.

This conclusion dispenses with the necessity for a consideration of the question of whether or not a justice of the peace has jurisdiction to vacate and set aside a judgment of conviction after it has been entered and has become effective and the related question of whether or not an appeal may be taken from an order refusing so to do.

The order of the district court quashing the appeal herein is reversed and the cause is remanded with di-

rections to proceed as required by section 29-613, R. R. S. 1943.

REVERSED AND REMANDED WITH DIRECTIONS.