State of Nebraska, appellee, v. Carl Norwood,
APPELLANT.

117 N. W. 2d 373

Filed October 19, 1962. No. 35257.

William G. Line, for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before Simmons, C. J., Carter, Messmore, Yeager, Spencer, Boslaugh, and Brower, JJ.

Simmons, C. J.

This is an appeal from an order of the district court dismissing an appeal from the county court in a misdemeanor case.

We reverse the judgment of the district court and remand the cause.

The cause is here on a transcript.

The difficulty here is that the transcript does not present the record upon which the appellant and appellee rely.

The transcript shows that the defendant was complained against in county court for driving a motor vehicle while under the influence of alcoholic liquor, which allegedly occurred on July 4, 1961. There was also an allegation that it was a second offense. Complaint was filed July 7, 1961. July 7, 1961, defendant filed an appearance bond. July 18, 1961, defendant filed a request for trial by jury. August 16, 1961, the county attorney selected a jury. August 18, 1961, the matter came on for trial on a plea of not guilty. The same

day, the jury brought in a verdict of guilty. The matter was then continued to August 22, 1961, "for determination of prior offenses." The court found the defendant was guilty of a prior offense. Defendant was sentenced to 5 days in jail, his driver's license suspended for 1 year, and that he pay a fine of $300 and costs "and stand committed until said fine and costs are paid and said sentence is served." A mittimus was issued and delivered to the sheriff.

August 28, 1961, defendant gave notice of appeal and appeal bond was fixed and furnished in the sum of $500.

The county judge certified that the above was a true and correct record "of all proceedings had and done" in the action. He "transmitted" seven exhibits which he certified were all the original papers in the action. They do not appear in the transcript.

The State moved for a dismissal of the appeal for four reasons. It alleged (1) that defendant had been found guilty of second offense driving while under the influence of alcoholic liquor, sentenced, fined, and his driver's license suspended (this, obviously, is not a reason for dismissal); (2) that on August 22, 1961, the defendant surrendered his driver's license which was forwarded to the Department of Motor Vehicles by the county judge (nothing appears in the transcript to sustain that allegation); (3) that on August 22, 1961, defendant began serving the 5-day jail sentence which was completed on August 27, 1961; and (4) that on August 28, 1961, defendant "began laying out" the $300 fine imposed.

As to reasons (3) and (4), this record shows only a mittimus issued on August 22, 1961, and an appeal bond furnished on August 28, 1961.

On December 7, 1961, the motion came on for hearing in the district court, was submitted to the court, and sustained. It is from that order that defendant appeals.

The first assignment of error is that the court erred in considering the allegation that defendant had sur-

rendered his driver's license. On the record which we have here that assignment is sustained.

The second assignment is that the court erred in considering the allegation that defendant had served the 5-day sentence. On the record which we have here that assignment is sustained.

The third assignment is that the court erred in considering the allegation that the defendant "began laying out" the fine on August 28, 1961. The only thing the record shows here is that on that day defendant gave notice of appeal and furnished a required bond.

The defendant and the State argue the question as to whether the service of a part of a judgment in a criminal case results in a waiver of the right of an appeal.

The difficulty is that there is no record here which presents that question. For anything that appears in this record, defendant did not serve a split second in the jail of Dodge County, nor pay the costs nor any part of the fine. We see no reason for determining a question which is without a record to sustain it.

In Benson v. State, 158 Neb. 168, 62 N. W. 2d 522, 42 A. L. R. 2d 991, there was a plea of guilty and a sentence on the plea. Three days later defendant attempted an appeal when denied leave to withdraw his plea of guilty and have a trial. His motion was denied. He relied upon section 29-611, R. R. S. 1943, which is as follows: " 'The defendant shall have the right of appeal from any judgment of a magistrate, including justices of the peace, municipal judges and county judges, imposing fine or imprisonment, or both, * * *.' " We held that there were no exceptions to the right of appeal declared by the statute and that a conviction based on a plea of guilty was no bar to an appeal from the conviction. It would seem that a conviction based on a plea of not guilty should not be a bar.

We further held in Benson v. State, *supra:* "The statute granted the defendant the right of appeal if he perfected his appeal within 10 days. He did so in man-

ner and form required by statute. It follows therefore that no grounds existed for quashing the appeal."

That rule is a determination of the questions presented by this record.

The judgment of the trial court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.