STATE OF NEBRASKA, APPELLEE, V. TERRY L. BENSON, APPELLANT.

260 N. W. 2d 208

Filed December 7, 1977. No. 41426.

John J. DiMari and William R. Gores of Respeliers & DiMari, for appellant.

Paul L. Douglas, Attorney General, Gary P. Bucchino, Richard M. Jones, and James E. Schaefer, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

McCOWN, J.

The defendant was convicted of the offense of operating a motor vehicle during a period of license suspension, second offense. The mandatory sentence of 180 days in jail and suspension of driver's license for 2 years was imposed by the municipal court. On appeal to the District Court the judgment and sentence were affirmed. This appeal followed.

On May 14, 1975, complaint was filed in the municipal court of Omaha charging the defendant with driving a motor vehicle during a period of license suspension, second offense. The reverse side of the complaint shows that the defendant was arraigned and pleaded not guilty on May 14th. Beneath that entry on the copy of the complaint, which constitutes a part of the transcript here, appear some illegible markings which the parties apparently assume indicate that the defendant changed his plea to no contest on July 14, 1975. Beneath that notation there is an indication that the defendant was sentenced to 180 days in jail and costs. Alongside these notations, apparently made on June 12, 1975, is the notation "P. D. apptd to represent defendant." There is also a notation that on June 12, 1975, "by def for good cause shown this case is continued to 7-14-75 9 a.m. Stipulated that def was operating." Below these notations appears the notation "Appeal bond $300 cont." The back of the complaint also shows an apparent suspension of driver's license for 2 years on January 6, 1977, and a commitment for sentence on the same date. The judge's docket sheet also shows that on January 6, 1977, the defendant was arraigned, pleaded not guilty, was adjudged guilty, and sentenced to 180 days in jail and driver's license suspended for a period of 2 years. The complaint and docket sheet were certified as the complete transcript of the proceedings in the municipal court.

The bill of exceptions from the municipal court to the District Court covers only the sentencing hearing conducted on January 6, 1977. The bill of exceptions shows that the defendant asserted that he did not recall having pleaded no contest and his counsel asked for permission to withdraw the plea. The municipal court denied permission to withdraw the plea and proceeded to sentence the defendant as indicated. The bill of exceptions contains a note from the court transcriber stating: "Our records show that the defendant in this case was arraigned and pled no contest on July 14, 1975, and was referred to probation officer Hayes for pre-sentence investigation. However, the recording of that hearing has been erased since it was over a year old. The following is a transcription of the sentencing held on January 6, 1977."

The defendant contends that the record fails to show that his plea of no contest was knowingly and voluntarily entered. The position of the defendant is that without a proper bill of exceptions there is no record of the arraignment and plea, and the prosecution has failed to affirmatively establish that the plea was knowingly and voluntarily made. The prosecution, on the other hand, contends that it is the duty of the defendant to prosecute the appeal in this case and to present the record, including a bill of exceptions, to the District Court; and that if the bill of exceptions is deficient, it was the defendant's duty to remedy it. The District Court apparently accepted the prosecution's view and affirmed the judgment and sentence.

In State v. Turner, 186 Neb. 424, 183 N. W. 2d 763, we held that a plea of guilty must not only be intelligent and voluntary to be valid but that the record must affirmatively disclose that the defendant entered his plea understandingly and voluntarily. In that case we also stated that the Standards Relating to Pleas of Guilty and Nolo Contendere promulgated

by the American Bar Association should be the minimum procedure in the taking of such pleas. Standard 1.4 requires the court to advise the defendant of certain specified facts; Standard 1.5 requires the court to determine that the plea is voluntary; and Standard 1.7 provides: "A verbatim record of the proceedings at which the defendant enters a plea of guilty or nolo contendere should be made and preserved. The record should include (i) the court's advice to the defendant (as required in section 1.4), (ii) the inquiry into the voluntariness of the plea (as required in section 1.5), and (iii) the inquiry into the accuracy of the plea (as required in section 1.6)."

Obviously the record of the proceedings which took place on July 14, 1975, are incomplete and make it impossible to determine whether the defendant entered the plea of no contest understandingly and voluntarily. That issue cannot be determined in the absence of the record and the determination of who has the duty to produce the bill of exceptions becomes critical.

Section 29-611, R. R. S. 1943, provides for the appeal of criminal misdemeanor cases and minor offenses from the municipal or county court to the District Court. The first sentence of that section provides: "The defendant shall have the right of appeal from any judgment of a county or municipal court, imposing fine or imprisonment, or both, to the district court of the county, which appeal shall be taken immediately upon the rendition of such judgment, and shall stay all further proceedings upon such judgment." The section then provides that the appellant shall file, within 10 days after the rendition of the judgment, a recognizance or cash bond as specified in the section. The section then provides: "The court from whose judgment the appeal is taken shall forthwith make return of the proceedings had before it, and shall certify the complaint, transcript,

bill of exceptions, and the warrant together with all such recognizances to the district court, * * *.''

The record here shows the defendant filed an appropriate appeal bond, which was accepted and approved by the municipal court on January 6, 1977, and had fully complied with the requirements of section 29-611, R. R. S. 1943.

In State v. Norwood, 174 Neb. 255, 117 N. W. 2d 373, this court held that under the provisions of section 29-611, R. R. S. 1943, there are no exceptions to the right of appeal where the appeal is taken within the time and in the manner and form required by the statute.

In Anderson v. State, 163 Neb. 826, 81 N. W. 2d 219, in commenting on section 29-611, R. R. S. 1943, this court said: "It will be noted that the duty to prepare and file the transcript is with the county judge after he has been notified of the intent to appeal and proper bond, conditioned as provided by this statute, has been given to, accepted, and approved by him." This court also said: "* * * it was the duty of the county judge, placed on him by statute, to prepare the transcript and file it in the office of the clerk of the district court. In such instances the party appealing does not lose his rights because the judge either fails to perform his duty properly or out of time, provided the failure is not because of any act or fault of the party seeking to appeal or his counsel." We held: "Where a party has, within due time, done all that he is legally required to do to perfect an appeal and no act or fault is shown on his part, or that of his counsel, which prevented the county judge from properly performing his duty in regard thereto, then the district court will not lose jurisdiction of the appeal merely by reason of the fact that the county judge filed an incomplete transcript." In that case we specifically approved the action of the District Court in directing the county judge to prepare and submit a proper transcript.

These cases clearly dictate the result in the case at bar. Rule 7 d 2 of the Revised Rules of the Supreme Court, 1974, confirms that result and the procedure. That rule provides: "If the court reporter is unable to prepare and certify a bill of exceptions, a bill of exceptions shall be prepared under the direction and supervision of the trial judge and shall be certified by the judge and delivered to the Clerk of the District Court." Rule 7 g makes that rule applicable to all appeals where specific provision is not made by law for a bill of exceptions. In this case there was no attempt to comply with such a procedure.

We hold that under section 29-611, R. R. S. 1943, when notice of appeal has been given and proper bond filed by the defendant as required by the statute, it is the duty of the county court or the municipal court to prepare, certify, and file the transcript, bill of exceptions, and other required documents in the District Court.

Where a defendant, within due time, has done all that he is legally required to do to perfect an appeal under section 29-611, R. R. S. 1943, and, without fault on his part, or that of his counsel, a bill of exceptions is missing or incomplete, the District Court does not lose jurisdiction of the appeal and may direct the county or municipal court to prepare and submit a proper bill of exceptions. To the extent they are in conflict with these holdings, the cases of State v. Clark, 194 Neb. 487, 233 N. W. 2d 898, and State v. Allen, 198 Neb. 755, 255 N. W. 2d 278, are overruled. It remains the duty of the appellant to offer the bill of exceptions in evidence in the District Court.

The judgment of the District Court is reversed and the cause is remanded to the District Court with directions to direct the municipal court to prepare a bill of exceptions in this cause under Rule 7 d 2 of the Revised Rules of the Supreme Court, 1974, and, if necessary, to hold an evidentiary hearing to deter-

mine whether the plea of nolo contendere entered at the arraignment on July 14, 1975, was knowingly and voluntarily made and entered in accordance with the requirements of State v. Turner, 186 Neb. 424, 183 N. W. 2d 763. In the event the municipal court is unable to determine whether the plea of nolo contendere was knowingly and voluntarily made and entered under the standards of State v. Turner, *supra*, then and in that event the conviction and sentence herein are set aside and the municipal court is directed to rearraign the defendant.

REVERSED AND REMANDED WITH DIRECTIONS.