## THE STATE v. JOHNSON.

[No. 2,839.   Filed December 21, 1898.]

APPEALS.—*Must be Taken in Manner Prescribed by Statute.*—There can be no appeal from the decision of a court which has by the statute jurisdiction of the subject-matter of the action, and has acquired jurisdiction of the person, unless an appeal is expressly authorized by statute; and all appeals must be taken in the manner directed by the statute authorizing them.  *p. 314.*

CRIMINAL LAW.—*Appeals from Justice of the Peace.—Recognizance Essential.*—Where one tried before a justice of the peace and convicted of a misdemeanor desires to appeal, he must enter into a recognizance, as provided by section 1712, Burns' R. S. 1894. It is not sufficient that a transcript of the proceedings be certified to the circuit court, and that he submit himself to the actual custody of the court, and remain in jail until tried by the circuit court. *p. 314.*

From the Sullivan Circuit Court.   *Reversed.*

*William A. Ketcham,* Attorney-General, *Merrill Moores* and *Charles D. Hunt,* for State.

*John S. Bays,* for appellee.

HENLEY, J.—The appellee was prosecuted by affidavit filed before a justice of the peace.  He was charged, under section 7254a, Burns' R. S. 1894, with defrauding a boarding house.  He was tried and found guilty of the offense, and judgment rendered accordingly.  In some manner, and, we suppose, upon the request of the appellee, and without filing any recognizance bond, or bond of any kind, the justice of the peace before whom the cause was tried, certified a transcript of proceedings to the circuit court as upon appeal.  Appellee was committed to jail upon a failure to give the required bond.  Appellee was convicted on the 7th day of April, 1898.  On the 12th

day of April, 1898, the cause appearing in the Sullivan Circuit Court, appellant moved to dismiss appellee's appeal because no recognizance or bond of any kind had been filed with the justice of the peace before whom the same had been tried. This motion the court overruled. On the 23rd day of April, 1898, appellee was tried in the circuit court of Sullivan county, and acquitted of the charge against him. The appellant complains of the action of the lower court in overruling its motion to dismiss the appeal from the justice of the peace. The record properly presents the question.

Appeals are governed by the statute. There can be no appeal from the decision of a court which has by the statute jurisdiction of the subject-matter of the action, and has acquired jurisdiction of the person, unless an appeal is by statute expressly authorized. Appeals must be taken in the manner directed by the statute authorizing them. It is provided in section 1712, Burns' R. S. 1894 (1643, R. S. 1881), as follows: "Any prisoner against whom any punishment is adjudged may appeal to the criminal court, and, if there be none, then to the circuit court of the county, within ten days after trial, on entering into recognizance for his appearance at the next term of such court, as in other cases; and such appeal shall stay all proceedings." It seems clear to us that, under the plain meaning of this statute, no appeal could be granted without first entering into the recognizance, as is provided therein. The entering into this recognizance is a condition precedent, and must be complied with before any valid appeal could be taken. The appellee in this cause being unable to give the bond required by the justice of the peace, and desiring to appeal his cause to the circuit court, submitted himself to the actual custody of the court, instead of

the constructive custody by which a bond would have held him; he remained in jail until he was tried by the judge of the Sullivan Circuit Court and found not guilty. It is for the legislature of the State of Indiana to say whether or not such a situation should be permitted without a remedy. Under the authority of the statute, the motion of the appellant to dismiss the appeal from the justice of the peace ought to have been sustained. The appeal of the State is therefore sustained, at the cost of the appellee.