STATE OF INDIANA, EX REL. LADD *v.* WALTERS.

[No. 25,547. Filed July 20, 1928.]

H. M. DeVoss, for appellant.
John T. Kelly and Dore B. Erwin, for appellee.

MARTIN, J.—Appellant was convicted of a misdemeanor in the city court of Decatur, fined and sentenced to six months imprisonment. Following the judgment, and on the same day it was rendered, an entry on the docket of that court, signed by the special judge before whom the case was tried, shows that the defendant prayed an appeal to the circuit court of Adams County, filed an appeal bond in the sum of $400 with seven persons as sureties thereon, which bond was approved by the court.

The special judge, at the request of appellant, or her attorney, dictated and prepared the appeal bond. The bond was signed by the seven sureties, approved by the judge and by him filed and placed with the other papers in the case. The transcript on appeal was not thereafter filed in the circuit court, and this action in mandamus was brought in that court against appellee, the special judge of the city court, to compel him to prepare and file it.

He answered by general denial and upon trial the court found in his favor. The overruling of appellant's motion for a new trial, which attacked the judgment as

not being sustained by sufficient evidence, is assigned as error here.

The question to be decided arises out of the construction to be placed upon §§1 and 3, ch. 132, Acts 1927, which amend §§81 and 83, ch. 169, Acts 1905, §§2111 and 2113 Burns 1926.

Section 81 (2111) *supra*, provided for appeals from punishment adjudged by a justice of the peace "within ten days after such judgment" and that, "In case such prisoner enters into recognizance for his appearance at the next term of such court, such appeal shall stay all further proceedings."

Section 83 (2113) *supra*, provided that, "Such recognizance, together with a transcript of the proceedings and all papers in the case, shall be forthwith filed *by the justice* with the clerk of the proper court," etc.

Section 1, *supra*, provides for appeals from punishments adjudged by a justice of the peace, mayor or judge of a city court or municipal court, "Within ten days after such judgment" and that, "In case such prisoner, within such ten days, enters into recognizance for his appearance at the current term of such court . . . or at the next term of such court . . . *and causes to be filed in such court, within fifteen days, all other papers, documents and transcripts necessary to complete his appeal,* such appeal shall stay all further proceedings on the judgment of the court below."

Section 3, *supra*, provides that, "Such recognizance, together with a transcript of the proceedings and all papers in the case, shall be forthwith filed with the clerk of the proper court," etc.

Appellee's contention appears to be that the added words in §1 which we have italicized, and the omission in §3 of the words we have italicized in §83, makes it obligatory upon those who would appeal, to prepare and file the transcript themselves within fifteen days, and

relieves the justices of the peace, mayors, judges of the city courts and municipal courts of any duty in the matter. Appellee in his brief says: "There is no evidence that appellant made an attempt to procure a transcript of the proceedings against her, that she paid anyone to prepare said transcript or offered to pay therefor, or that she did a single thing within the ten days allowed by law for her appeal, except to file her appeal bond," and to sustain the construction he places upon the fact that the words "by the justice" used in the 1905 act were omitted from the 1927 amendment, says: "We can presume . . . that the motive of the makers of the laws was a desire to relieve the magistrates of these courts of limited jurisdiction of the burden of making transcripts in unimportant cases without remuneration, or even for the purpose of discouraging appeals in petty cases tried in these courts." We cannot indulge in any such presumptions. The transcript required to accompany the papers on an appeal from such courts to the criminal or circuit courts is a brief and simple document, the preparation of which is no great burden.

The practice before the justices of the peace and before city courts must necessarily remain simple and free from technical requirements. All that is required to take an appeal from such courts is to plainly advise the court of a desire to appeal and to file within the time provided in the statute an appeal bond sufficient in amount and with surety to the approval of the court. To complete the appeal, the filing of the transcript is necessary, but since the statute provides, not that the appellant *shall file it,* but *shall cause it to be filed,* we believe that the request to the trial court that it be prepared and filed is sufficient. If the appellant requests the court to prepare it and the court refuses, the court may be compelled by mandate to do so.

*State, ex rel.*, v. *Cressinger* (1883), 88 Ind. 499; *Yager, Mayor*, v. *State* (1921), 190 Ind. 550, 131 N. E. 42.

The special judge testified that on October 17, 1927, the day of the trial and after it was concluded, appellant's attorney said he wanted to appeal, but did not, until November 5, 1927, request a transcript of the proceedings, and there was also testimony that appellee said he did not think it was his duty to prepare the transcript. The bond which appellee prepared, approved and filed recited that the appellant was bound to appear in the Adams Circuit Court on the first day of the November term 1927, and the uncontradicted evidence showed that appellant's counsel (who testified that his business and profession is "an attorney and justice of the peace") said, "I told him we wanted *an appeal made out* to the circuit court . . . I demanded an appeal right square off." These words, under the informal practice necessarily prevailing in the courts of justices of the peace and mayors, were sufficient to notify the court that the appellant desired that a transcript on appeal be prepared and filed.

In the absence of any express directions to the contrary in the statute, we believe and hold that it is incumbent upon such a court to prepare and certify the transcript on appeal and also to transmit it, together with all the other necessary papers and documents, to the criminal or circuit court. A "transcript" is a copy of the court's record and the justice or judge (or the clerk, if the court has a clerk,) is the only one who has the information available from which to prepare it. The amendment of 1927 has no provision requiring the preparation of the transcript by a convicted defendant nor the presentation of the transcript for the judge's certification, etc., and we are unable to agree with the construction contended for by appellee, viz.; that the words "and causes to be filed" in §1, re-

quire that the appellant herself be charged with the duty of preparing or of filing it. Such a practice, which would necessarily include turning over to the prisoner all the original files of the court sent up on appeal, seems to us neither prudent nor within the contemplation of the statute. Neither does the omission of the words "by the justice" (which were contained in §83) from §3 charge an appellant with the duty; the legislature may have preferred to drop these words rather than to add an enumeration of all the additional courts covered by the amendment.

It follows that the judgment of the circuit court was not sustained by sufficient evidence, and the judgment is reversed, with directions to the trial court to grant the motion for a new trial and for further proceedings not inconsistent with this opinion.