STATE OF INDIANA *v.* KETRING.

[No. 26,402. Filed June 14, 1935.]

*S. E. Rowdabaugh, Philip Lutz, Jr.*, Attorney-General, and *Ralph E. Hanna*, Assistant Attorney-General, for the State.

TREANOR, C. J.—The appellee, defendant below, was found guilty of a misdemeanor by a justice of the peace, and was fined. He prayed an appeal to Circuit Court and tendered an appeal bond,[1] which the justice of the peace approved, and caused the bond and transcript to be filed in Circuit Court. The state, by its prosecuting attorney, moved to dismiss the appeal to Circuit Court on the ground that the bond filed did "not meet the con-

*Note 1.* "Appeal Bond. State of Indiana, Kosciusko County, ss: We, Aaron Ketring, Walter Ketring and George L. Xanders, severally acknowledge ourselves bound to the State of Indiana in the sum of One Hundred Dollars ($100.00) each if the said Aaron Ketring shall not appear at the next term of the Kosciusko Circuit Court of Kosciusko County, Indiana, on the first day thereof to answer a charge of assault and battery and abide by the judgment of said court.

"Witness our hands and seals this 30th day of August, 1933.
     Aaron Ketring.    W. T. Ketring.    Geo. L. Xanders.
"Approved by me, Jesse Shock, Justice of the Peace.    (Seal.)"

ditions prescribed by statute for such bond." The trial court overruled this motion, to which ruling the state excepted. The cause against defendant was then dismissed by the court for want of prosecution. The state gave notice of appeal to this court and assigns as error the trial court's action in overruling the state's motion to dismiss the appeal from the justice of the peace.

The statute requires that "recognizances for the appearance of prisoners shall in all cases and in all courts be in writing and be taken with at least one (1) resident freehold surety or be secured by a surety company," and that such recognizance "shall be substantially" in the form set out in the statute.[2]

*Note 2.*
"State of Indiana,
  County of ―――――――
State of Indiana
      vs.
   John Doe
We, A B and C D, jointly and severally acknowledge ourselves bound to the state of Indiana in_____dollars. If A B (the prisoner) shall appear on the_____day of_____, 19____, in the_____court, to answer a charge of (here state the offense) and from day to day and from term to term thereof, and abide the order of the court until said cause is determined and not depart therefrom without leave, then this recognizance shall be void, else to remain in full force.
"If the above named defendant shall not appear at any time fixed in this bond, the court shall thereupon declare this bond to be forfeited and notice of such forfeiture shall be mailed to C D, the surety, at_____and_____in_____county and state of Indiana. And if the surety hereon shall not produce said defendant within ten (10) days after the mailing of such notice, pay all costs and satisfy the court that the defendant's absence was not with his connivance or consent, then and in that event the court shall enter judgment against such surety and certify said judgment to the clerk for record. Such forfeiture shall be without pleadings and without change of judge or change of venue. The obligors on such bond may except to the ruling of the court and appeal to the Appellate Court as in other civil cases, and on appeal the evidence may be reviewed. Execution shall issue forthwith to the sheriff against the properties of each of us to be levied as other executions are levied.
"Witness our hands and seals this_____day of _____, 19__.
                              A B (Seal)
                              C D (Seal)
"Taken and approved this_____day of_____, 19__.

Another section of the statute[3] provides for an appeal to criminal or circuit court by "any prisoner against

--------------------------------

(Officer taking surety)"

The statute also contains a form of affidavit to be executed by the surety stating his worth "over and above all debts and liabilities," the value of his real estate, above all encumbrances and liens, other bonds upon which he is surety, and that he is not surety upon any forfeited and unpaid recognizance bond. The statute further provides as follows:

"False statement in such affidavit shall constitute the offense of perjury. The sureties of such bonds shall be worth at least double the indemnity in the bond and in case the defendant shall not appear as provided in the bond, the court shall thereupon declare the bond forfeited and the clerk shall mail notice of such forfeiture to the addresses indicated in the bond, and if the bondsmen do not produce the defendant within ten (10) days after such mailing and pay all costs and satisfy the court that defendant's absence was not with the consent or connivance of the sureties, the court shall at once enter judgment, without pleadings and without change of judge or change of venue, against the bondsmen for the amount of the bond and the clerk shall at once record the judgment. The clerk shall within two (2) days issue execution to the sheriff who shall forthwith levy such execution according to law. If the clerk or the sheriff shall fail or neglect to perform the duties as herein set out, such clerk or sheriff shall be liable to the state of Indiana for the amount of such judgment, to be charged by the auditor of the county against the next succeeding and following installment of salary of such official. Any surety on such bond may except to the ruling of the court and appeal to the Appellate Court as in other civil cases without moving for a new trial, and on such appeal the evidence, if any, shall be reviewed."

The statute further authorizes corporate sureties to become sureties on such recognizance bond; requires clerk of courts authorized by law to admit prisoners to bail to keep printed forms of such bonds and to furnish such forms to justices of the peace and to sheriffs, and makes the provisions of the act "applicable to all such courts and such officers with necessary modifications." §9-722, Burns' Ind. St. Ann. 1933; §2091, Baldwins' 1934; Acts 1905, ch. 169, §82, p. 584; Acts 1927, ch. 132, §2, p. 411.

*Note 3.* "Any prisoner, against whom any punishment is adjudged by a justice of the peace, mayor or judge of a city court or municipal court, may appeal to the criminal court, and, if there be none, then to the circuit court of the county, within ten (10) days after such judgment. In case such prisoner, within such ten (10) days, enters into recognizance for his appearance at the current term of such court, if such court is in session, or at the next term of such court, if such court is in vacation, and causes to be filed in such court, within fifteen (15) days, all other papers, documents and transcripts necessary to complete his appeal, such appeal shall stay all further proceedings on the judgment of the court below." §9-721, Burns', etc., 1933; §2090, Baldwins' 1934; Acts 1905, ch. 169, §81, p. 584; Acts 1927, ch. 132, §1, p. 411.

whom any punishment is adjudged by a justice of the peace" and requires that he enter into a recognizance for his appearance in such court. It is clear that the General Assembly intended that such recognizance should be substantially in the form set out in §9-722, Burns, etc., 1933. (*Supra*, note 2.)

If the defendant fails to enter into a recognizance within ten days after "punishment is adjudged" against him, his appeal will be dismissed. An earlier statute[4] provided that "any prisoner against whom any punishment is adjudged may appeal to" Criminal or Circuit Court "within ten days after trial, on entering into recognizance for his appearance at the next term of such court, as in other cases; and such appeal shall stay all proceedings." Consistent with that statute it was held that "no appeal could be granted without first entering into the recognizance as is provided therein."[5] Under that statute, "entering into recognizance" within ten days was a condition precedent to taking an appeal; under the present statute, entering into a recognizance within ten days and causing all "papers, documents and transcripts" to be filed within fifteen days are "necessary to complete his appeal."[6]

If the recognizance is substantially in the form set out in the statute it will, by the terms of the statute, be sufficient. But in the instant case, as appel-

---

*Note 4.* Acts 1881, (Spec. Sess. ch. 36, p. 114, §70; §1712, Ind. St. Burns' Rev. 1894).

*Note 5.* *State* v. *Johnson* (1898), 21 Ind. App. 313, 52 N. E. 422.

*Note 6.* "The practice before the justices of the peace and before city courts must necessarily remain simple and free from technical requirements. All that is required to take an appeal from such courts is to plainly advise the court of a desire to appeal and to file within the time provided in the statute an appeal bond sufficient in amount and with surety to the approval of the court. To complete the appeal, the filing of the transcript is necessary, . . ." *State ex rel. Ladd* v. *Walters* (1928), 200 Ind. 235, 162 N. E. 444.

■ lant points out, the bond given "was not conditioned upon the appearance of the appellee in said Circuit Court on a certain day and from day to day and term to term thereof"; it did not "contain the condition that the said appellee would not depart without leave"; it contained "none of the terms and conditions regarding forfeiture as are specified by statute" and it did not contain the affidavit of the surety, as required by the statute.

It is apparent that in enacting §9-722, *supra,* the General Assembly intended to require that the recognizance bond entered into upon appeal from a justice of ■ the peace would be such a bond as would continue to bind the defendant and his surety throughout all subsequent proceedings in his cause in either the Criminal or Circuit Court,[7] and that no new or other bond would be necessary or required unless the court should grant the surety's application for release, or unless the surety should subsequently appear to be insufficient.[8]

We are of the opinion that the bond given by the defendant was not "substantially" in the form specified by statute, but that there were such defects in ■ both substance and form that it might not have had the effect contemplated by §9-1032, Burns, etc., 1933, §2166, Baldwin's 1934.

But it does not follow that dismissal of the appeal

*Note 7.* "The recognizance as provided for in section 82 (§9-722) hereof shall be continuing, and the defendant shall not be required to renew it during pendency of the proceedings, unless ordered to do so by the court for cause shown. But, at each term of the court, after such recognizance is taken, the court shall inquire into the sufficiency of the sureties." §9-1032, Burns, etc., 1933; Acts 1905, ch. 169, §152, p. 584; Acts 1927, ch. 132, § 7, p. 411; Acts 1933, ch. 268, §3, p. 1225.

*Note 8. Ramsey* v. *State* (1932), 204 Ind. 212, 183 N. E. 648.

was required. There is a general statutory provision[9] to the effect that where the appeal-bond filed in cases of appeal to circuit court is defective in substance or in form, such cases "shall not be dismissed on account of such defect or informality, if the appellant will, when required by the court to which such appeal is taken, file in such court a sufficient bond, with surety to the acceptance of such court, in such sum as such court shall require." This court has held that statute applicable to appeals from justices of the peace in criminal cases, by holding that under its provisions it was not error to permit a defendant appealing from a justice of the peace in a criminal case to file another bond in the Circuit Court and to overrule the state's motion to dismiss the appeal on account of the omission of the penalty in the bond first given.[10]

In the instant case the state should have requested that the court require the defendant to "file in such court a sufficient bond" in a proper sum and with sufficient acceptable surety, and it would only have been proper to dismiss the appeal if the defendant had failed or refused to file such bond when so required by the court. It was not error to overrule the state's motion to dismiss the appeal to Circuit Court.

The state's appeal is not sustained.

*Note 9.* "In all cases where an appeal shall be taken from a justice of the peace, board of county commissioners, viewers, or commissioners to assess damages, or from any other person or tribunal, to the circuit court, and the appeal bond filed in such case shall be defective in substance or in form, or for want of proper approval, such cases shall not be dismissed on account of such defect or informality, if the appellant will, when required by the court to which such appeal is taken, file in such court a sufficient bond, with surety to the acceptance of such court, in such sum as such court may require." §2-4714, Burns', etc., 1933; §1215, Baldwin's 1934; Acts 1875, ch. 73, §1, p. 112. The title to the act containing the foregoing section is as follows: "An Act concerning the practice in cases appealed to the Circuit Court."

*Note 10. State* v. *Richards* (1881), 77 Ind. 101.