## STATE OF INDIANA *v.* SPITZER.

[No. 26,403. Filed June 14, 1935.]

*S. E. Rowdabaugh, Philip Lutz, Jr.,* Attorney-General, and *Ralph E. Hanna,* Assistant Attorney-General, for the State.

TREANOR, C. J.—The appellee, defendant below, was found guilty of a misdemeanor by a justice of the peace and was fined. He prayed an appeal to Circuit Court and tendered an appeal bond,[1] which the justice of the peace approved, and caused the bond and transcript to be filed in Circuit Court. The state, by its prosecuting attorney, moved to dismiss the appeal to Circuit Court on the ground that the bond filed did "not meet the conditions prescribed by statute for such bond." The

*Note 1.* "We, Stuart L. Spitzer and Charles A. Pearson, acknowledge ourselves bound to the State of Indiana in the penal sum of twenty-five dollars.

"Witness our hands and seals, this 21st day of February, 1933.

"Whereas, said State of Indiana within thirty days last past obtained judgment against Stuart L. Spitzer before Frank Leas, justice, for one dollar and____cents, with costs taxed as_____ dollars and_____cents, and said Stuart L. Spitzer has appealed therefrom to the circuit court; now if said Stuart L. Spitzer shall prosecute this appeal to final judgment and pay such judgment as may be rendered against him on such appeal, this bond shall be null and void; else in force.

Stuart L. Spitzer (Seal)    Chas. A. Pearson (Seal)

"Taken and approved this 21st day of February, 1933.

Frank Leas, J. P."

trial court overruled this motion, to which ruling the state excepted. The cause against defendant was then dismissed by the court for want of prosecution. The state gave notice of appeal to this court and assigns as error the court's action in overruling the state's motion to dismiss the appeal from the justice of the peace.

This appeal presents the same question of law as is presented in the case of *State of Indiana* v. *Ketring,* ante 424, 196 N. E. 332, decided this day. The defects in the bond tendered to and approved by the justice of the peace in the instant case are sufficient to prevent the bond from substantially complying with the statute,[2] as was true of the bond involved in the case of *State of Indiana* v. *Ketring, supra.* However, the state's remedy in this case was the same as in the case of *State of Indiana* v. *Ketring,* that is, to request the trial court to require that the defendant "file in such court a sufficient bond" in a proper sum and with sufficient acceptable surety.

Upon the authority of *State of Indiana* v. *Ketring, supra,* the state's appeal is not sustained.

---

*Note 2.* §9-722, Burns, Ind. St. Ann. 1933; §2090, Baldwin's 1934; Acts 1905, ch. 169, §82, p. 584; Acts 1927, ch. 132, §2, p. 411.