BRUCE *v.* STATE OF INDIANA.

[No. 29,602. Filed March 19, 1958.]

*Theodore Lockyear, Jr.,* of Evansville, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *Merl M. Wall,* Deputy Attorneys General, for appellee.

ARTERBURN, J.—This is an appeal by William J. Bruce, appellant, from the Vanderburgh Circuit Court upon the sustaining of the State's motion to dismiss an appeal from a conviction of a misdemeanor in the city court of the city of Evansville, and also the overruling of appellant's petition for a belated appeal from the city court conviction.

The record in this case shows that judgment was entered in the city court of the city of Evansville on the 14th day of August, and appellant was found guilty and sentenced to 180 days on the Indiana State Farm and his fine fixed at $100.00; that thereafter (within 15 days) on the 29th day of August, 1957, the transcript of the record of the case in the city court with all papers in connection therewith was filed in the Vanderburgh Circuit Court. On the 11th day of September, 1957, the State of Indiana filed a motion to dismiss said appeal on the ground that it was "not initiated within ten (10) days after the judgment in the City Court . . ." On the 18th day of September, 1957, appellant filed his verified petition for a belated appeal, to which an answer was filed by the State on September 23rd. Thereafter the court overruled appellant's petition for a belated appeal and sustained the motion to dismiss appellant's appeal. From these rulings appellant appeals and assigns as errors each of the rulings.

Our disposition of the ruling on the motion to dismiss the appeal makes it unnecessary for us to discuss the ruling on the motion for a belated appeal.

The statute providing for appeals in cases such as this to the Circuit Court reads as follows:

"9-721 (2111). *Appeals from judgments of justices of peace, city courts and magistrates.*— Any prisoner, against whom any punishment is adjudged by a justice of the peace, mayor or judge of a city court, municipal court or magistrates court, may appeal to the criminal court, and, if there be none, then to the circuit court of the county, within ten [10] days after such judgment. In case such prisoner, within such ten [10] days, enters into recognizance for his appearance at the current term of such court, if such court is in session, or at the next term of such court, if such court is in vacation, and causes to be filed in such court, within fifteen [15] days, all other papers, documents and transcripts necessary to complete his appeal, then such appeal shall stay all further proceedings on the judgment in the court below. Provided, that such prisoner may remain in jail on his sentence instead of furnishing a recognizance and such appeal without recognizance shall not stay the execution of the court below. [Acts 1905, ch. 169, §81, p. 584; 1927, ch. 132, §1, p. 411; 1945, ch. 234, §1, p. 1081.]" Burns' 1956 Replacement, §9-721.

Prior to 1945 the above Act did not contain the following words which were added by the amendment of that year:

"Provided, that such prisoner may remain in jail on his sentence instead of furnishing a recognizance and such appeal without recognizance shall not stay the execution of the court below."

Before this amendment it was well settled that defendants were not entitled to appeal to the circuit courts or criminal courts other than by giving a recognizance within a ten-day period following the judgment and sentence. It was the purpose of the amendment to grant those unable to give bond an opportunity, nevertheless, to appeal by remaining in jail and serving the sentence pending the appeal. All the cases up to the 1945 amendment held that an appeal could be taken

only by filing a recognizance within the ten-day period. *State* v. *Johnson* (1898), 21 Ind. App. 313, 52 N. E. 422.

We quote from *State of Indiana* v. *Ketring* (1935), 208 Ind. 424, 196 N. E. 332:

> "If the defendant fails to enter into a recognizance within ten days after 'punishment is adjudged' against him, his appeal will be dismissed. An earlier statute provided that 'any prisoner against whom any punishment is adjudged may appeal to' Criminal or Circuit Court 'within ten days after trial, on entering into recognizance for his appearance at the next term of such court, as in other cases; and such appeal shall stay all proceedings.' Consistent with that statute it was held that 'no appeal could be granted without first entering into the recognizance as is provided therein.' Under that statute, 'entering into recognizance' within ten days was a condition precedent to taking an appeal; under the present statute, entering into a recognizance within ten days and causing all 'papers, documents and transcripts' to be filed within fifteen days are 'necessary to complete his appeal.' "

In the case presented to us the appellant saw fit to take an appeal under the amended statute without giving a recognizance and without the necessity of filing one therefor within the ten-day period. The record shows, however, that he did file his transcript and papers within the fifteen-day period required for taking an appeal to the circuit court without bond. It therefore appears to us that he has complied with all the requirements of the statute necessary for the taking of an appeal where no bond or recognizance is given. The statute requires nothing more than that there "be filed in such court within fifteen [15] days, all other papers, documents and transcripts necessary to complete his appeal."

There is in the statute no provision or requirement with reference to the giving of any notice of an appeal.

There may be occasions when a defendant requests a transcript and there is a failure of the city court, justice of peace or municipal court to prepare the transcript as requested. In those cases, of course, it is necessary to show a demand or request as a basis for a mandate action. *State ex rel. Ladd* v. *Walters* (1928), 200 Ind. 235, 162 N. E. 444; *State ex rel. Adams* v. *Hammitt* (1939), 216 Ind. 237, 24 N. E. 2d 30.

The Walters case relied upon in the dissenting opinion is an action of mandate for a transcript. Of course, proof of a demand or a request is always necessary in that kind of an action and is not therefore in point as to the necessity of making a request or demand for an appeal from a city court to the circuit or criminal court. The statute on such appeals does not state that any oral or written demand is necessary to take an appeal; nor does the statute state what words would constitute a request or demand for an appeal—whether such a request may be made orally or in writing, whether the court must be in session at the time or the request may be made to a clerk for a transcript. All of these innumerable complications for which the statute makes no requirement would appear to us to lead to needless technicalities where the proceedings should be as simple as possible.

Where the transcript is furnished and filed within the fifteen-day period with the necessary papers, there is a full compliance with the terms of the statute. To entitle a defendant to appeal without the giving of a bond, no demand for an appeal needs to be shown. The practice before justices of the peace and city courts should be as free of technicalities as possible consistent with the fact that frequently defendants are not represented by attorneys.

The ten-day period fixed by the statute prior to 1945 was plainly for the purpose of fixing the time within which the recognizance bond had to be filed. When the amendment was made in 1945 permitting appeals without the giving of such bond, the ten-day limitation had no application to appeals taken without giving bond and served no purpose where only a transcript was required to be filed within a fifteen-day period. The trial court erred in sustaining the motion of the State to dismiss the appeal.

This cause is remanded with direction to the trial court to overrule the motion to dismiss and appeal from the city court.

Emmert, C. J., and Landis, J., concur.

Achor, J., dissents with opinion in which Bobbitt, J., concurs.

### DISSENTING OPINION

ACHOR, J.—I do not concur in the construction placed upon §9-721, Burns' 1956 Repl., by the majority opinion. The statute is comprised of three sentences, each of which deals with a distinct subject-matter. The first sentence concisely states:

"Any prisoner, against whom punishment is adjudged by a justice of the peace, mayor or judge of a city court, municipal court or magistrates court, may appeal to the criminal court, and, if there be none, then to the circuit court of the county, within ten [10] days after such judgment. . . ."

It seems clear to me that this provision provides for appeal in ten days, whether appeal bond is filed or not. The second sentence provides:

"In case such prisoner, within such ten [10] days, enters into recognizance for his appearance at the current term of such court, if such court is in

session, or at the next term of such court, if such court is in vacation, and causes to be filed in such court, within fifteen [15] days, all other papers, documents and transcripts necessary to complete his appeal, then such appeal shall stay all further proceedings on the judgment in the court below. . . ."

This provision authorizes additional time for causing the filing of transcript, etc., in event a recognizance bond is filed within the ten-day period. The above provisions comprised the total act as it was adopted in 1927. Neither provision of the statute purports to make the filing of a bond a condition precedent to appeal (as did the earlier statute of 1881).

In 1945 the Act was amended by the addition of the following sentence (Acts 1945, ch. 234, §1, p. 1081):

"Provided, that such prisoner may remain in jail on his sentence instead of furnishing a recognizance and such appeal without recognizance shall not stay the execution of the court below."

I do not believe this addition to the act in any way changed the ten-day time limitation for requesting an appeal as previously provided by the act. Rather, it is my opinion that the amendment was prompted by a consideration that any law which purported to grant the right of an appeal in criminal cases to only those persons who are able to post recognizance bond, would be unconstitutional. It is my opinion that the 1945 amendment was enacted to remove the cloud of constitutionality placed upon the act by the cases relied upon by the majority opinion and, further, to make the act conform to §9-2311, Burns' 1955 Repl. (Acts 1905, ch. 169, §331, p. 584), which provides that an appeal to this court without bond will not stay execution of the penalty.

It is true that, as stated in the majority opinion, this court has stated in the following cases the right of appeal is contingent upon the filing of a recognizance bond. *State* v. *Johnson* (1898), 21 Ind. App. 313, 314, 52 N. E. 422; *State* v. *Walters* (1928), 200 Ind. 235, 239, 240, 162 N. E. 444; *State of Indiana* v. *Ketring* (1935), 208 Ind. 424, 196 N. E. 332.

However, the Johnson case, *supra,* was grounded upon an 1881 statute, which expressly so provided as follows:

> "Any prisoner against whom any punishment is adjudged may appeal to the criminal court, and, if there be none, then to the circuit court of the county, within ten days after trial, *on entering into recognizance* for his appearance at the next term of such court, as in other cases; and such appeal shall stay all proceedings." (My italics.) §1712, Burns' R. S. 1894 (§1643, R. S. 1881).

Furthermore, in the Walters and Ketring cases, *supra* (decided under the 1927 Act), the language, as relating to the necessity of filing a bond within ten [10] days, was mere dicta. In each of said cases a bond was in fact filed within the ten-day period, and the filing was not an issue. The Ketring case, *supra,* merely held that the bond filed on appeal, if approved by the justice of the peace, did not have to be a good bond to effect the appeal. The Walters case, *supra,* held that on timely request for appeal, it became the duty of the court and not the appellant, to perfect the appeal. In that case this court stated:

> "The practice before the justices of the peace and before the city courts must necessarily remain simple and free from technical requirements. *All that is required to take an appeal from such courts is to plainly advise the court of a desire to appeal* and to file within the time provided in the statute an appeal bond sufficient in amount and

with surety to the approval of the court. To complete the appeal, the filing of the transcript is necessary, but since the statute provides, not that the appellant *shall file it, but shall cause it to be filed,* we believe that the request to the trial court that it be prepared and filed is sufficient. If the appellant requests the court to prepare it and the court refuses, the court may be compelled by mandate to do so. . . .

" . . . the uncontradicted evidence showed that appellant's counsel (who testified that his business and profession is 'an attorney and justice of the peace') said 'I told him we wanted an appeal made out to the circuit court . . . I demanded an appeal right square off.' *These words, under the informal practice necessarily prevailing in the courts of justices of the peace and mayors, were sufficient to notify the court that the appellant desired that a transcript on appeal be prepared and filed.* (My italics.)

"In the absence of any express directions to the contrary in the statute, we believe and hold that it is incumbent upon such court to prepare and certify the transcript on appeal and also to transmit it, together with all the other necessary papers and documents, to the criminal or circuit court. . . ."

The express language of the present statute, together with the reasoning of the case above quoted, causes me to believe that the statute must be construed to mean that all appeals, whether by request without bond or by the filing of a bond, must be taken within ten days. If, however, a bond is filed for the purpose of appeal within said ten-day period, "all other papers, documents and transcripts" necessary to the appeal may be filed in the criminal or circuit court within 15 days. §9-721, *supra.* It would seem that the effect of this latter provision is to give the justice of the peace or the judge additional time in which to perfect the appeal, *provided* the appellant is at liberty

under a recognizance bond. However, if the appellant remains a "prisoner" it is contemplated that the appeal shall be perfected forthwith.

Bobbitt, J., concurs.

NOTE.—Reported in 148 N. E. 2d 553.