**James STRALEY and Kim Graham, Appellants,**

v.

**Everett E. FAULKNER, Appellee.**

**No. 2–484 A 118.**

Court of Appeals of Indiana, Second District.

Sept. 3, 1985.

S. Daniel Weldy III, Gallivan, Hamilton, Hamilton Seese & Patterson, Bluffton, for appellants.

Linley E. Pearson, Atty. Gen., David A. Arthur, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

James Straley (Straley) and Kim Graham (Graham) appeal the Wells Circuit Court's judgment in their declaratory judgment action against Everett E. Faulkner (Judge), judge of the Bluffton City Court.

We reverse.

On February 24, 1983, Straley and Graham were found guilty in the Bluffton City Court of Driving While Intoxicated, Ind. Code § 9-4-1-54 (Burns Repl.1980) (repealed). They were then sentenced but released pending appeal. The entry for February 24 also contains a notation "to appeal by 3-7-83." On February 28, Straley and Graham filed notices of their intent to appeal and filed their "appeal bonds" on March 3, 1983 and February 28, 1983 respectively. When the appeals were not "perfected" within 45 days of their convic-

tions, Straley and Graham were ordered to appear in city court.

The order to appear precipitated the current dispute over the appropriate procedure for appeals from city court judgments. Ind.Code § 33-10.1-5-9 (Burns Repl.1985), as added by Acts 1980, P.L. 8, § 162, provides for a trial de novo in the circuit or superior court on appeals from city court judgments.[1] The statute further provides:

> "33-10.1-5-9. Appeal from city court and town court—Appeal by prisoner.—
>
> .    .    .    .    .
>
> (c) A prisoner against whom punishment is adjudged by a city court may appeal to the circuit court of the county, within thirty [30] days after the judgment. If the prisoner, within the thirty [30] days, enters into recognizance for his appearance in court and causes to be filed in the court, within forty-five [45] days, all other papers, documents, and transcripts necessary to complete his appeal, then the appeal stays all further proceedings on the judgment in the court below. However, the prisoner may remain in jail on his sentence instead of furnishing a recognizance and an appeal without recognizance does not stay the execution of the court below.

(emphasis added) [IC 33-10.1-5-9.][2] The circuit court rejected Straley and Graham's argument that the city court was responsible for preparing and transmitting the necessary documents to the circuit court. In its declaratory judgment, the circuit court held:

> "[T]here is no affirmative duty upon the Judge of the Bluffton City Court to transport or transmit any City Court documents to the Clerk of Wells Circuit Court in connection with an appeal or trial de novo.
>
> . . . .

---

1. I.C. § 33-10.1-5-9(a) (Burns Repl.1985) reads: "An appeal from a judgment of a city court may be taken to the circuit court or superior court of the county and tried de novo."

2. The only other provision of the City and Town Court Act, 33-10.1-1-1 *et seq.* which details an appeal procedure is Ind.Code 33-10.1-5-10

(Burns Repl.1985). That section provides for the filing of a motion to correct errors, transcript, briefs and other procedures inconsistent with the right to a trial de novo on appeal from a court not of record. *See Millers National Insurance Co. v. American State Bank of East Chicago,* 206 Ind. 511, 190 N.E. 433 (1934).

[T]he duty to initiate and perfect an appeal to the Wells Circuit Court rests solely with the Plaintiffs herein....

Record at 7–8.

The statute at issue is substantively identical[3] to its predecessor, Ind.Code § 35–1–13–3 (Burns Repl.1979), repealed by Acts 1980, P.L. 8, § 164, the same public law which enacted the current statute. In addition, Acts 1980, P.L. 8, § 162 provides for the continuous substantive operation of prior law re-enacted in the same or restated form. Hence, it is apparent the enactment of I.C. § 33–10.1–5–9(c) was intended only as a codification of I.C. § 35–1–13–3. Therefore, the Indiana Supreme Court's decision in *State ex rel. Ladd v. Walters*, 200 Ind. 235, 162 N.E. 444 (1928), interpreting I.C. § 35–1–13–3,[4] is dispositive of the issue whether Straley and Graham, by filing their notices of appeals and appeals bonds did all that was necessary for them to perfect their appeal.

In *Walters*, the defendant was convicted and sentenced in city court. In an effort to perfect an appeal, the defendant told the judge he "wanted an appeal made out," 200 Ind. at 240, 162 N.E. at 446, and filed an appeal bond. When a transcript was not thereafter filed in the circuit court an action in mandamus was brought against the city court judge to compel him to prepare and file it. The trial court found in the judge's favor. In reviewing the trial court judgment the supreme court refused to charge the defendant with the duty to prepare the transcript and present it for certification and then to transmit it to the circuit court. The defendant Walters' conduct, effectively identical to Straley and Graham's filing notices of intent to appeal and appeal bonds, was sufficient to require the city court to prepare, certify and transmit the transcript:

"All that is required to take an appeal from such courts is to plainly advise the court of a desire to appeal and to file within the time provided in the statute an appeal bond sufficient in amount and with surety to the approval of the court. To complete the appeal the filing of the transcript is necessary; but since the statute provides, not that the appellant *shall file it, but shall cause it to be filed,* we believe that the request to the trial court that it be prepared and filed is sufficient."

200 Ind. at 239, 162 N.E. at 446 (emphasis in original). The court concluded "it is incumbent upon such [city] court to prepare and certify the transcript on appeal and also to transmit it, together with all the other necessary papers and documents, to the ... circuit court." 200 Ind. at 240, 162 N.E. at 446.

Straley and Graham, by filing their notices of appeal and appeal bonds well within thirty (30) days of the judgments,[5] com-

---

**3.** Ind.Code § 35–1–13–3 provided:

"*Any* prisoner, against whom any punishment is adjudged by *a justice of the peace, mayor or judge of a* city court, *municipal court or magistrates court,* may appeal to the *criminal court, and, if there be none, then to* the circuit court of the county, within thirty (30) days after such judgment. In case such prisoner, within such thirty (30) days, enters into recognizance for his appearance *at the current term of such court, if such court is in session, or at the next term of such court, if such court is in vacation,* and causes to be filed in such court, within forty-five (45) days, all other papers, documents and transcripts necessary to complete his appeal, then such appeal shall stay all further proceedings on the judgment in the court below. Provided, that such prisoner may remain in jail on his sentence instead of furnishing a recognizance

and such appeal without recognizance shall not stay the execution of the court below. (emphasis added). The current statute deletes the emphasized portions to conform with the abolition of justice of the peace courts and court terms.

**4.** In the interval between the *Walters* decision and 1980, I.C. § 35–1–13–3 (Burns Repl.1979) (repealed 1980) was amended by Acts of 1945, ch. 234, § 1 and Acts of 1965, ch. 59, § 1. These amendments added the last sentence and changed the time requirements and, therefore, do not impair the dispositive nature of *Walters*.

**5.** I.C. § 33–10.1–5–9(c) provides a "prisoner against whom punishment is adjudged by a city court may appeal to the circuit court of the county, within thirty [30] days after the judgment." We disagree with Straley and Graham's argument they are not "prisoners" within the

plied with the statutory mandate to cause the necessary papers, documents and transcripts to be filed. The responsibility for preparation and filing of the necessary papers with the circuit court then fell upon the city court judge.

The judgment of the trial court is reversed and cause remanded for further proceedings consistent with this opinion.

SULLIVAN and MILLER (sitting by designation), JJ., concurs.

meaning of the statute because they were not incarcerated after the judgment. Reading subsection (c) of the statute in its entirety it is apparent the term "prisoner" is used to describe an individual who has been sentenced to some period of incarceration without regard to whether the incarceration has been stayed by the filing of a recognizance bond.