**Patrick TEMBY, Appellant–Plaintiff,**

**v.**

**The Honorable Gail BARDACH, Judge, Carmel City Court, Appellee–Defendant.**

**No. 29A05–9707–CV–285.**

Court of Appeals of Indiana.

Sept. 24, 1998.

Thomas G. Bradburn, Cohen & Malad, Indianapolis, for Appellant–Plaintiff.

Michael A. Howard, Noblesville, for Appellee–Defendant.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Plaintiff–Appellant Patrick Temby ("Temby") appeals from the trial court's order on his motion for declaratory judgment against Defendant–Appellee, the Honorable Gail Bardach, Judge, Carmel City Court ("Bardach").

We reverse and remand for proceedings consistent with this opinion.

### ISSUE

One issue is dispositive of this appeal: Whether the trial court erred in finding that Temby failed to properly perfect his appeal to the Hamilton County Superior Court following his conviction for operating while intoxicated in the Carmel City Court.

### FACTS AND PROCEDURAL HISTORY

In August of 1996, Temby was convicted of Operating a Motor Vehicle While Intoxicated following a bench trial in the Carmel City

Court. He was sentenced to 365 days incarceration of which 355 were suspended. He was additionally sentenced to one year probation, 20 hours of community service and court costs.

On November 4, 1996, Temby filed a praecipe for the transcript of the proceedings with the Clerk of the Carmel City Court. He filed a second and final praecipe on November 22, 1996. On January 2, 1997, Temby filed a Motion for Stay of Execution of Sentence and Bail Pending Appeal, which motion was denied by the Carmel City Court the following day. On January 15, 1997, the court entered a second order Denying Temby's Motion for Stay stating as follows:

> The Hamilton County Clerk having advised the Court that this case has not been assigned to any of the Superior, or the Circuit Courts for appeal, because no appeal has been filed by the Defendant, and the Court noting that sentence was imposed on October 23, 1996, the time for Notice of Appeal thus expiring on November 22, 1996, the Court does now hereby DENY the Defendant's Motion for Stay and Bail.

(R. 17). The Court further ordered that Temby serve the remaining executed portion of his sentence, beginning the weekend of January 24, 1997.

On January 23, 1997, Temby filed a Complaint for Declaratory Judgment naming Judge Bardach as Defendant. Contemporaneous with his Complaint, Temby filed an Emergency Motion for Stay of Execution of Sentence Pending Appeal. In this motion, Temby explained that he was attempting to appeal his conviction and had already filed two praecipes with the Carmel City Court in November of 1996. An entry to the Chronological Case Summary was made on February 4, 1997, denying Temby's emergency petition as moot. On March 4, 1997, Bardach filed her Answer to Temby's Complaint, a Motion to Dismiss and Petition for Attorney Fees. A hearing was held in the Hamilton County Superior Court IV on March 5, 1997. On March 17, 1997, the court entered findings of fact and conclusions of law finding in relevant part that the praecipes filed by

Temby were insufficient to perfect his right to appeal. Temby appeals from this order.

## DISCUSSION AND DECISION

### Standard of Review

■ We first consider the standard of review governing this appeal. Pursuant to the Uniform Declaratory Judgment Act, declaratory orders, judgments and decrees have the force and effect of final judgments and are reviewed as any other order, judgment or decree. *Indiana Farmers Mut. Ins. Co. v. Ellison,* 679 N.E.2d 1378, 1380 (Ind.Ct.App. 1997).

■ The trial court entered findings of fact and conclusions of law when it rendered its judgment. When a party has requested specific findings of fact and conclusions of law pursuant to Ind. Trial Rule 52(A), the reviewing court may affirm the judgment on any legal theory supported by the findings. *Mitchell v. Mitchell,* 695 N.E.2d 920, 923 (Ind.1998). In addition, before affirming on a legal theory supported by the findings but not espoused by the trial court, the appellate court should be confident that its affirmance is consistent with all of the trial court's findings of fact and the inferences drawn from the findings. *Id.* In reviewing the judgment, we must first determine whether the evidence supports the findings and second, whether the findings support the judgment. *Ahuja v. Lynco Ltd. Medical Research,* 675 N.E.2d 704, 707 (Ind.Ct.App.1996), *trans. denied.* The judgment will be reversed only when clearly erroneous. *Id.* Findings of fact are clearly erroneous when the record lacks any evidence or reasonable inferences from the evidence to support them. *Id.* To determine whether the findings or judgment are clearly erroneous, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will not reweigh the evidence or assess witness credibility. *Id.*

■ Here, it appears that the trial court entered its findings and conclusions of law *sua sponte.* The same standard of review applies when the trial court gratuitously enters findings of fact and conclusions of law, with one notable exception. *Indiana Farm-*

*ers Mut. Ins. Co.,* 679 N.E.2d at 1381. When the trial court enters such findings on its own motion, the specific findings control only as to the issues they cover, while the general judgment standard applies to any issue upon which the court has not found. *Id.*

### Perfection of Appeal

■ Temby contends that the trial court erred in finding that he failed to perfect his appeal to the Hamilton County Superior Court. Specifically, he argues that he complied with the statute governing appeals from city and town courts.

We first note that the Indiana Supreme Court has promulgated a new body of rules governing the procedure for obtaining a trial *de novo* from the judgment of a city or town court. *See* Indiana Rules for Trial De Novo Following Judgment in City or Town Court. Specifically, a defendant who has a statutory right to a trial *de novo* in circuit or superior court after a trial in a city or town court may request and shall receive the trial *de novo* as provided in Rule 3. Under this procedure, a defendant must file a written "Request for Trial *de Novo* " within fifteen (15) days of the city court's imposition of sentence. This "Request" must be filed with the clerk of the circuit court. The Trial De Novo Rules were not effective until January 1, 1998, and Temby's proceedings before the Hamilton Superior Court were completed on March 17, 1997. Because the new rules were not enacted at the time of Temby's appeal, we rely solely upon the statutory authority available at the time.

Ind.Code 33–10.1–5–9 sets forth the procedure for appealing from a judgment of a city or town court. The statute provides as follows:

(a) An appeal from a judgment of a city court may be taken to the circuit or superior court of the county and tried de novo.

(b) An appeal from a judgment of a town court may be taken to the superior or circuit court of the county within thirty (30) days from the rendition of the judgment.

(c) A prisoner against whom punishment is adjudged by a city court may appeal to the circuit court of the county, within thirty (30) days after the judgment. If the prisoner, within the thirty (30) days, enters into recognizance for his appearance in court and causes to be filed in the court, within forty-five (45) days, all other papers, documents, and transcripts necessary to complete his appeal, then the appeal stays all further proceedings on the judgment in the court below. However, the prisoner may remain in jail on his sentence instead of furnishing a recognizance and an appeal without recognizance does not stay the execution of the court below.

The sole Indiana case interpreting the provisions of Ind.Code 33–10.1–5–9 held that once a convicted defendant files his notice of appeal and appeal bond within the 30 day time limit, the responsibility for preparation of the appeal falls upon the city court judge. *Straley v. Faulkner,* 482 N.E.2d 471 (Ind.Ct. App.1985). In *Straley,* the Defendants were found guilty of Driving While Intoxicated in city court. They were sentenced and released pending appeal. Within the statutory time limit, the Defendants filed notices of their intent to appeal and appeal bonds. However, when no action on the preparation of the appeal took place, and 45 days had passed, the Defendants were ordered to appear in city court. Defendants then brought a declaratory judgment action against the city court judge, arguing that the court violated its duty to prepare and transmit the necessary documents to the circuit court for appeal. The circuit court rejected the Defendants' argument holding that "there [was] no affirmative duty upon the judge of the Bluffton City Court to transport or transmit any City Court documents to the Clerk of the Wells Circuit Court in connection with an appeal or trial de novo." *Id.* at 472. The court further held that "the duty to initiate and perfect an appeal to the Wells Circuit Court rests solely with [the appealing party]." *Id.* at 473. The Defendants appealed this decision.

On appeal, we relied on *Ladd v. Walters,* 200 Ind. 235, 162 N.E. 444, which was decided in 1928 under the current statute's prede-

cessor.[1] In *Walters,* the defendant was convicted and sentenced in city court. In an effort to perfect his appeal, Walters told the judge that he "wanted an appeal made out." When the transcript of the proceedings was never filed with the circuit court, Walters filed an action in mandamus against the city court judge. The trial court found in favor of the city court judge, and Walters appealed to the supreme court.

The supreme court found that Walters had sufficiently informed the city court judge of his desire to appeal, and the obligation to prepare the record then rested with the city court. Specifically, the court stated as follows:

> All that is required to take an appeal from such courts is to plainly advise the court of a desire to appeal and to file within the time provided in the statute an appeal bond sufficient in amount and with surety to the approval of the court. To complete the appeal the filing of the transcript is necessary; but since the statute provides, not that the appellant shall file it, but shall cause it to be filed, we believe that the request to the trial court that it be prepared and filed is sufficient.

*Straley,* 482 N.E.2d at 473 (quoting *Walters,* 200 Ind. at 239–40, 162 N.E. at 446). The court concluded that "it is incumbent upon such [city] court to prepare and certify the transcript on appeal and also to transmit it, together with all other necessary papers and documents, to the ... circuit court."

Relying on *Walters,* we found that the Defendants in *Straley* had filed their notices of appeal and appeal bonds well within 30 days of the judgments, and therefore had complied with the statute. We further held that the responsibility for preparation of the necessary papers with the circuit court fell upon the city court judge. *Straley,* 482 N.E.2d at 473–74.

Turning to the case before us, the trial court entered specific findings of fact and conclusions of law ultimately concluding that Temby's praecipes were insufficient to "plainly advise the Carmel City Court of [his] desire to appeal." Additionally, the court stated that "[s]uch a praecipe serves no purpose for a *trial de novo* appeal." (R. 42).

We first note that our review of the record reveals considerable confusion among the parties concerning the appropriate method for perfecting an appeal from a city court's judgment. However, we find that Temby, through his counsel, diligently attempted to perfect an appeal to the superior court. Temby first filed a Praecipe for Transcript of Proceedings on November 4, 1996. This praecipe requested the Clerk of the Carmel City Court to prepare the transcript of the August 19, 1996, criminal proceedings, and certify the same. (R. 10). On November 22, 1996, Temby filed a second and final praecipe, wherein he specifically requested the Clerk to "prepare and certify a complete record of the proceedings ... *to be used on appeal.*" (R. 12) (emphasis provided). Additionally, in Temby's Motion For Stay, he specifically stated that he intended to appeal his conviction and that he had filed his praecipe. Certainly, the combination of the above correspondence was sufficient to provide notice to the city court of Temby's desire to appeal his conviction.

In addition, there are several indications that the city court was aware of Temby's desire to appeal. For example, following receipt of Temby's second praecipe for the record, there is an entry in the court's chronological case summary stating as follows: "Copy of record (file) sent to [Hamilton County] Clerk for appeal per Judge." (R. 34). Furthermore, when the city court denied Temby's first Motion for Stay of Execution of Sentence and Bail Pending Appeal, the court stated as follows:

> Pursuant to the Defendant's own Praecipe for Transcript and Record of Proceedings previously filed with this Court, this Court has sent the record in this case to the Hamilton County Clerk for filing for appeal. This Court, thus, believes itself to be without jurisdiction to entertain the Defendant's Motion for Stay of Execution of Sentence and Bail Pending Appeal.

---

1. Ind.Code 35–1–13–3. The current statute is substantively identical to its predecessor.

The Court suggests that the Defendant file his Motion anew with whatever Court has been assigned the case on appeal.

(R. 15). After the court issued its second order denying Temby's Motion for Stay, Temby filed an Emergency Motion for Stay, wherein he attempted to explain to the court that he was trying to perfect an appeal and had already filed two praecipes with the city court in November of 1996.

Hence, Temby indicated to the city court on numerous occasions that he wished to appeal his conviction, and the city court acknowledged by its own entries that it was aware of Temby's intent and desire to appeal. We hold that under the facts of this case Temby's filing of a praecipe *for the purpose of appeal* was sufficient to put the city court on notice of Temby's desire to appeal. At that point in time, it was the city court's obligation to prepare the record and transmit it to the Hamilton County Clerk.

### CONCLUSION

At the time of Temby's appeal, Ind.Code 33–10.1–5–9 set forth the procedure for appealing a judgment entered in a town or city court. Once an appealing party complied with the time limits prescribed in the statute, and notified the city or town court of his desire to appeal, the responsibility of preparing and transmitting the record fell upon the city court judge.[2]

We therefore find the trial court's judgment to be clearly erroneous, and reverse the same. We remand to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

RUCKER and GARRARD, JJ., concur.

---

**2.** Under the new trial *de novo* rules, effective January 1, 1998, the city court judge has no responsibility of preparing and transmitting the record.